## PRIMAKOW v. RAILWAY EXPRESS AGENCY, Inc., et al.
### Civil Action No. 563.

District Court, E. D. Wisconsin.

Aug. 7, 1941.

See also, D.C., 56 F.Supp. 413.

Harry A. Kovenock, of Milwaukee, Wis. for plaintiff.

Miller, Mack & Fairchild, of Milwaukee, Wis., for defendant Railway Express Agency.

Shea & Hoyt, of Milwaukee, Wis., and Leo J. Hassenauer, of Chicago, Ill., for defendant Ella C. Gregg.

DUFFY, District Judge.

This is a motion to remand. Plaintiff is an employee of the defendant Railway Express Agency (hereinafter called "Company"). She claims that she is entitled to a seniority status superior to that of the defendant Ella C. Gregg, who is also an employee of the Company and, like the plaintiff, is employed as a stenographer in the Superintendent's office.

The Company and its employees entered into a contract governing working conditions which became effective on August 1, 1937, as far as employees of the Superintendent's office were concerned. This action was commenced in the Circuit Court of Milwaukee County. Before this action was started plaintiff had from time to time asserted her alleged rights as to seniority to the officials of the Company and finally obtained a ruling in her favor.

Formal proceedings were taken by the Company officials and by the Brotherhood of Railway and Steamship Clerks, etc. (hereinafter called "Brotherhood") to determine the question of seniority rights. A decision by a referee was adverse to the claims of the plaintiff, and an award was

made pursuant thereto by Express Board of Adjustment No. 1. Said proceedings were pursuant to the provisions of an agreement between the Company and the Brotherhood, effective August 7, 1934, which agreement was entered into pursuant to the "Railway Labor Act of 1934," 45 U.S.C.A. § 151 et seq.

Plaintiff contends that she was not a party to the proceedings; that she had no notice thereof; and that the award is not binding on her. In her complaint, plaintiff asks for a judicial determination of the superiority of her seniority rights as against the defendant, Mrs. Gregg; for an injunction restraining the defendants from enforcing, as against plaintiff, any decision or award in a dispute between the two defendants heretofore adjusted under the Railway Labor Act; and for damages of $487.92 from the Company for alleged past violations of the plaintiff's seniority rights.

Plaintiff's motion to remand is based upon the contention that the instant case is not within the jurisdiction of this court. Admittedly there is no diversity of citizenship. The amount in dispute is less than $3000. However, defendants contend that this action arises under a law regulating commerce.

 If this action might have been brought originally in this court, it follows that such an action may be removed here from a State court. Among the actions over which this court has original jurisdiction are "all suits and proceedings arising under any law regulating commerce." Section 24 (8) of the Judicial Code, 28 U.S.C.A. § 41(8). Under this section neither diversity of citizenship nor the jurisdictional amount of $3000 are required. Mulford v. Smith, 307 U.S. 38, 46, 59 S.Ct. 648, 83 L.Ed. 1092.

▇ The Railway Labor Act is a law regulating interstate commerce. Virginian R. Co. v. System Federation No. 40, 300 U.S. 515, 553, 57 S.Ct. 592, 81 L.Ed. 789. The plaintiff contends that the rights she seeks to establish are based upon the contract of August 1, 1937. But her complaint alleges that the Company is denying the recognition she seeks because of a decision made by a referee, and an award made pursuant thereto by the Express Board of Adjustment No. 1, purporting to act under the terms of the Railway Labor Act. The plaintiff asks that both defendants be enjoined "from enforcing, as against the plaintiff or in any manner affecting her said seniority rights, any decision or award in any dispute between them adjusted under the Railway Labor Act," and that the defendant Gregg be enjoined "from enforcing or bringing any action based on said award insofar as it purports to declare seniority rights in her favor as against the seniority rights of the plaintiff."

The motion to remand will be denied.

The request of the defendants to withdraw their motions to dismiss, and for permission to answer, will be granted.