**WESTERN STATES MACH. CO. v. S. S. HEPWORTH CO. (GENERAL ELECTRIC CO., Intervener).**

Civil No. 1544.

District Court E. D. New York.

Nov. 25, 1941.

On Plaintiff's Motions Dec. 12, 1941.

See, also, D.C., 1 F.D.R. 766.

Charles H. Walker, of New York City, for intervenor.

Hammond & Littell, of New York City, for plaintiff.

Howson & Howson, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the General Electric Company for leave to intervene as a defendant in this action in so far as the

same is based on United States Letters Patent No. 1,719,132, No. 1,758,901 and No. 1,861,978, in order to assert the defenses set forth in its proposed answer on the ground that it is the manufacturer and vendor to the defendant, as well as to others, of the timing devices the use of which in connection with defendant's sugar centrifugal machines is charged by plaintiff in its complaint to be an infringement of said patents, and as such manufacturer it claims a defense to plaintiff's claim presenting both questions of law and of fact which are common to the main action.

The defendant does not oppose the motion but in fact urges that the Court grant it. The motion is opposed by the plaintiff. The plaintiff objects to the intervention on the ground that it claims it has no complaint against the General Electric Company for either direct or contributory infringement and that it further claims that no actual controversy exists between it and the General Electric Company, and that the latter has no legal interest in the litigation and should not be permitted to intervene.

The proposed answer of the General Electric Company and its defenses and those of the defendant are in substance the same.

If the plaintiff is successful it will, as claimed by the General Electric Company, "prevent the manufacture, sale or use of conventional sugar centrifugal machines in which the conventional steps of turning the spray water on and off, and applying the brake, at the desired times (at the ends of the purging, spraying and drying periods) are controlled by adjustable timers instead of by hand." It would prevent the General Electric Company from selling timing devices to anyone "for use in the control of these conventional steps in the operation of these conventional machines, without interference by plaintiff" (as is claimed by the General Electric Company), so that, if the claims in suit are valid and infringed by defendant's machines, General Electric Company could no longer continue the sale of these timing devices. It would appear therefore that a real controversy exists.

One of the grounds urged by the plaintiff is that intervention will unduly delay and prejudice the plaintiff's rights. The General Electric Company in its memorandum states: "No delay will result from the granting of the present application. At page 18 of its memorandum plaintiff asserts that the trial of the case would be delayed if the present application were granted because of the alleged necessity for additional bills of particulars and pretrial investigation by plaintiff. The fact of the matter is that the original defendant has already specified in its bill of particulars on file that it relies on some forty-five prior art patents and two prior uses, whereas the applicant for intervention proposes to rely on only three prior art patents and two prior uses. It is true that one of these three prior art patents and one of the prior uses relied on by the applicant are not cited in the answer of the original defendant. This, however, does not mean that the allowance of the application will delay the trial, for even if the application were denied, the original defendant could, under the statute, and presumably would, give notice of its intention to rely on this additional prior use and patent which have been cited by the applicant for intervention. The applicant for intervention stated at the argument, and here repeats, that if its application for intervention is granted it will seek no delay of the trial. When the original parties are ready for trial, the applicant will be ready also." This statement in the memorandum amounts to a stipulation by the General Electric Company to which it will be held that it will seek no delay of the trial.

Rule 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, relating to intervention is as follows: "Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

This Rule as well as all the other Rules of the Federal Rules of Civil Procedure should be construed with great liberality as they were intended to shorten trials, avoid technicalities and promote the administration of justice. This was so well and ably stated in Holtzoff's New Federal Procedure and the Courts, page 6 and 7, as follows: "The Rules terminated the line of cleavage that had existed since 1789 as between conformity with State practice in respect to actions at law and uniformity in regard to suits in equity. They abolished

all procedural distinctions between law and equity, and provided a single form of civil action to take the place of the action at law in its various forms and of the suit in equity. They prescribed simple forms of pleading and reduced to a minimum opportunities for technical, obstructive, and dilatory tactics. The old restrictions on joinder of parties and causes of action and on counter-claims were cast into the limbo of forgotten things. Third party practice was made a regular feature of Federal procedure. The rules comprised extremely liberal provisions for discovery. This was done with a view to departing as far as possible from 'the sporting theory' of justice and to fulfilling that concept of litigation which conceives a lawsuit as a means for ascertaining the truth, irrespective of who may be temporarily in possession of the pertinent facts."

■■ Rule 24(b) was intended to permit intervention when the parties had a question of law or fact in common and where the intervention would not unduly delay or prejudice the rights of the original parties. Intervention here will avoid a multiplicity of suits, it will dispose of the controversy existing between the parties, it will save the time of the Court, and will in no wise delay or prejudice the adjudication of the rights of the original parties.

■ While the fact that the General Electric Company has paid and is under obligation to pay one-half of the expenses of defending the case, so far as the control patents are concerned, may be persuasive upon the application for intervention, that fact alone cannot be controlling.

Motion to intervene granted.

Settle order on notice.

On Plaintiff's Motions to Reconsider the Motion of Intervention, to Condition Such Motion, and for Resettlement of an Order.

These are two motions by the plaintiff, one, for the following relief: "That the intervention motion should be reconsidered and denied, but if the motion nevertheless is to be granted, we believe the court will see that the order granting it must be conditioned upon an amendment of the proposed answer or some other waiver of any contentions invoking the law of the Philad case, such that plaintiff's complaint or cross-complaint may not be dismissed as an unlawful assertion of patents to restrict the sale of unpatented equipment for use in the patented combinations", and the other, for resettlement of an order made on December 3, 1941, by adding thereto a provision "that the plaintiff is hereby given leave to serve and file an amended complaint herein in response to the pleading of General Electric Company".

■ Plaintiff, in its moving papers, asserts that the General Electric Company, the intervenor, might have a binding judgment and relief against the plaintiff but that the plaintiff might not have a binding judgment or any relief against the intervenor even though the plaintiff is entitled to prevail in the action. Certainly, no such condition was intended by the Court, nor should the opinion that was filed by this Court on November 25, 1941, be so construed.

The intervention has been granted by the Court upon condition that the plaintiff, defendant, and the intervenor will be in all respects bound by the decree upon all issues that may be presented to the Court for consideration. This was stated by the Court in the following language: "Intervention here will avoid a multiplicity of suits, it will dispose of the controversy existing between the parties, it will save the time of the Court, and will in no wise delay or prejudice the adjudication of the rights of the original parties."

The order should be resettled by adding a provision permitting the plaintiff to serve and file an amended complaint, if it be so advised. If the intervenor does not agree to be bound by the decree, its motion for intervention will be denied.

Settle order on notice.