**SHIPLEY et al. v. PITTSBURGH & L. E. R. CO.**

**Civ. A. No. 5586.**

District Court, W. D. Pennsylvania.

March 7, 1947.

Kountz, Fry, Staley & Meyer, of Pittsburgh, Pa., for plaintiffs.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

On April 10, 1946, a class action was instituted by 24 named plaintiffs, each of whom was a trainman, against the Pittsburgh & Lake Erie Railroad Company, a Pennsylvania corporation, claiming compensation for coupling air hose. The complaint states that it is a class action where there is "A common question of law or fact affecting their several rights and a common relief is sought." In the original complaint each of the named plaintiffs possessed requisite diversity of citizenship and a claim in the proper jurisdictional amount to give the federal court jurisdiction of the action.

On July 2, 1946, 58 additional plaintiffs, no one of whom had the jurisdictional re-

quirements of both diversity of citizenship and a claim in excess of $3,000 exclusive of interest and costs, filed a motion to intervene. On July 9, 1946, the motion for leave to intervene was argued before this Court. Counsel for movants and the railroad argued and filed briefs on the question as to the right of the movants to intervene under Rules 23(a) and 24(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

"Rule 23. Class Actions

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1)  *  *  *

"(2)  *  *  *

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

"Rule 24. Intervention  *  *  *

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

On September 18, 1946, this Court filed an opinion, 68 F.Supp. 395, holding that since the intervenors' claims did not present a common question of law and fact, the movants had no standing to intervene under Rules 23 and 24. That the Federal Court had jurisdiction of the intervenors' claims because they arise under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., which is a law regulating interstate commerce, and, therefore, under the provisions of the Judicial Code the Court had jurisdiction independent of the amount in controversy or

diversity of citizenship. On the same day the Court entered an order permitting the movants to intervene.

On October 7, 1946, an additional 29 trainmen of the Pittsburgh & Lake Erie Railroad filed a similar motion for leave to intervene. Of the 29 movants only four, namely Charles S. Strausbaugh, John Slavins, R. J. Hamilton and Arthur N. Donahue, assert that they are citizens of a state other than Pennsylvania, and have claims in excess of $3,000 exclusive of interest and costs. Each of the 25 other movants is either a citizen of Pennsylvania or has a claim less than the jurisdictional amount.

The questions which have been presented for the consideration of the Court are somewhat identical with those that existed when the motion for leave to intervene was filed by 58 additional plaintiffs on July 2, 1946. See Shipley et al. v. Pittsburgh & L. E. R. Co., D.C., 68 F.Supp. 395.

Since the Court's opinion was filed on September 18, 1946, and the argument in connection with the motion to intervene by 29 additional plaintiffs, which was filed on October 7, 1946, the plaintiffs have filed an amended complaint.

The defendant objects to the motion of the plaintiff for leave to permit the intervention of 29 additional plaintiffs. The Court will consider this objection de novo, and the motion for leave to intervene of 58 additional plaintiffs filed on July 2, 1946, as a petition for rehearing of the order and opinion filed by the Court on September 18, 1946.

This is being done for the legal questions involved are the same although the allegations in the pleadings are different in some respects as is apparent from a reading of the complaint and amended complaint. There are two questions involved:

1. Where a class action has been filed, in which jurisdiction in the original proceeding is based on diversity of citizenship and the amount involved is in excess of $3,000, does the Court have jurisdiction to permit the intervention of other claimants in the class as new plaintiffs under the provisions of Rules 23(a) Paragraph (3) and 24(b) of the Federal Rules of Civil Procedure, although there is no di-

versity of citizenship between the intervenors and the defendant, and the intervenors' claims are less than $3,000 in each instance?

2. In a class action brought on a contract entered into between the bargaining representative of the class and a railroad, may other members of the class not possessing both of the jurisdictional requirements of diversity of citizenship and a claim in excess of $3,000 exclusive of interest and costs intervene on the ground that the Railway Labor Act, regulating interstate commerce, is involved?

When consideration was given the first question herein involved, the Court said in its opinion (see 68 F.Supp. 395, 399):

"Each of the plaintiffs involved in this proceeding has a common question of law as to whether or not the contract executed with the defendant is subject to the custom, or established and habitual practice, upon which it is claimed that the right of recovery exists. However, each of the plaintiffs allege that certain services were performed for the defendant which were not required during the period, to wit, beginning on the date which immediately precedes by six (6) years the date of the filing of this action, April 10, 1946, and ending December 1, 1944. It is apparent that some of the plaintiffs might be found to have performed the services complained of, and others may not be able, for one reason or another, to establish or prove that the services were performed and, therefore, no right of recovery might exist.

"It would, therefore, appear that the rights of the individual plaintiffs and the persons who desired to intervene are separate causes of action, and they have no right to a common fund or to common property, but each case would rest on its individual facts as to recovery and the amount thereof from a factual standpoint. As a result thereof, even if the legal question as to whether or not the contract can be modified or abrogated, as a result of the custom which exists would be interpreted favorably as contended by the plaintiffs, each of the plaintiffs would be obligated to prove that said services were performed in each instance, and the periods of time when performed, and it is, therefore, apparent that one of the plaintiffs may be able to support his claim and another plaintiff may not. It therefore, appears to me that although there is a joint or common interest on the part of the plaintiffs in one part of the subject matter or from a legal standpoint, there is not a joint and common interest in another part of the controversy or from a factual standpoint. It is a definite and general rule that when several plaintiffs assert separate and distinct claims in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of a district court, and those amounts cannot be added together to satisfy jurisdictional requirements. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Grand Rapids Furniture Co. et al. v. Grand Rapids Furniture Co., 7 Cir., 127 F.2d 245; Clark et al. v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

"It is the policy of Congress to have citizens of different states settle their disputes in state courts unless the matter in controversy exceeds the sum of $3,000, or unless the matter involves a federal statute, and this same rule has application between citizens who reside in the same state. This rule is only subject to modification when the plaintiffs unite to enforce a single title or right in which they have a common, undivided interest, both as to law and facts, and, in such event, it is enough if their interests collectively equal the jurisdictional amount. Sturgeon v. Great Lakes Steel Corp., 6 Cir., 143 F.2d 819; Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed 1111. * * *

"[That] each of the plaintiffs have a common and equal interest in the problem as to whether or not, under the terms and provisions of their contract, a right of recovery exists, which is a question of law, but they certainly do not have a common and undivided interest to any particular fund since one of the plaintiffs may be entitled to recovery and another may not,

depending on the ability of each plaintiff to establish and prove that certain services were performed, the time of performance and that payment has not been made to that employee for said services, and this is clearly a factual question.

"I, therefore, do not believe it would be proper to permit the intervention of the plaintiffs desired on the basis of the theory expounded by the plaintiffs since each of the plaintiffs had separate and distinct causes of action if the question of law is decided generally in favor of all the plaintiffs. There is not a common and undivided interest existing as to the ultimate recovery, and each of the claims of the intervenors does not contain the requisite amount of $3,000 or such diversity of citizenship as would justify the Court in finding that jurisdiction would exist. Although it would be convenient to adjudicate the similar questions which exist, as far as the intervenors are concerned, as long as the federal courts are courts of limited jurisdiction, it does not seem reasonable to throw additional burdens on already crowded federal dockets merely because controversies normally without their jurisdiction are similar or identical in some questions of law or fact in the case properly before the federal court. In this case there is no question in the mind of the Court that the claims of the intervenors could not have originally been filed in the federal court on the basis of diversity of citizenship and jurisdictional amount, and the purpose of permitting intervention is to facilitate federal practice and not to reduce litigation in the state courts."

In reaching the conclusion that intervention of the 58 additional plaintiffs should not be granted on the basis of Rule 23(a) (3) or Rule 24(b) of the Federal Rules of Civil Procedure, I do not believe that proper consideration was given the law in the Third Judicial Circuit. I am, therefore, approaching the problem de novo, so to speak, or considering the same in the nature of a petition for rehearing.

It appears that the correct conclusion to be reached depends on the type of class action which is involved in the proceeding now before this Court. There has been considerable trouble and difficulty experienced by the courts in determining under a given set of facts whether an action filed by a group of plaintiffs is a true class suit, a hybrid class suit or a spurious class suit.

Our Circuit Court has said "We have struggled with these distinctions on previous occasions". Pentland et al. v. Dravo Corp., 3 Cir., 152 F.2d 851, 852; Pennsylvania Co. et al. v. Decker, 3 Cir., 123 F.2d 979.

I will, therefore, refer to the various types of class actions.

### (a) Hybrid Class Suit.

Individual plaintiffs who have individual causes of action and who have also a right to a common fund or in common property. In addition there must be a question of fact common to all. Moore's Federal Practice, Vol. 2, p. 2239; Pentland et al. v. Dravo Corp., 3 Cir., 152 F.2d 851; Pennsylvania Co. et al. v. Decker, 3 Cir., 123 F.2d 979.

### (b) Spurious Class Suit.

A permission joinder device. The presence of numerous persons interested in a common question of law or fact warrants its use by persons desiring to clean up a litigious situation. The example is given of a fire negligently started by a railroad which inflicts widespread damage upon many property owners. Their only common interest is to get money from the tort-feasor. The tort-feasor's obligation certainly is a separate matter as to each plaintiff. But if the lawsuit does not grow too bulky, there may be economy of time and effort hearing all the claims in the same proceeding. In a spurious class action each of the original plaintiffs must have a diversity of citizenship with the defendant, and each must have a claim in excess of $3,000. Other persons, however, who had a claim could intervene regardless of the amount of their claim, or their diversity of citizenship with the defendant, since once jurisdiction was founded in the original plaintiffs, others who have a common question of law or fact may be allowed to intervene to clean up a litigious situation. Any judgment rendered would bind the original plaintiffs, all who had intervened, and the defendant, but would

not bind others beyond the principle of stare decisis. Moore's Federal Practice, Vol. 2, pp. 2241 to 2245, inclusive; Pentland et al. v. Dravo Corp., 3 Cir., 152 F.2d 851; Pennsylvania Co. et al. v. Deckert, 3 Cir., 123 F.2d 979.

### (c) True Class Action.

A true class action is described as an illustration of a situation where it is not feasible for all persons whose interests may be affected by an action to be made parties to it. It was invented by equity for situations in which the number of persons having substantially identical interests in the subject matter or litigation is so great that it is impracticable to join all under the usual rules of procedure, and in which an issue is raised which is common to all of such persons. A typical case to illustrate the general situation covered is that of a taxpayer who sues county tax assessors on behalf of himself and all other taxpayers alleging that his assessment is invalid because a wrong method of assessment was used. Some of the consequences of a class action are very important. A person who is one of a class of persons on whose account action is properly brought or defended in a representative action or defense is bound by and entitled to the benefits of the rules of res judicata with reference to the subject matter of the action. Pentland v. Dravo Corp., 3 Cir., 152 F.2d 851; Restatement of Judgments, Para. 86; Moore's Federal Practice, Vol. 2, p. 2236.

I do not believe under the facts in the case now before the Court the action falls either into the classification of a Hybrid Class Suit, although there are individual plaintiffs, there is no claim to a common fund, or True Class Action since it is feasible for all parties affected to be made parties to this action but the judgment rendered would not bind those who elect not to become parties beyond the principle of stare decisis.

It becomes a more difficult problem to decide whether the facts in the instant case fall within the Spurious Class Suit, category, or classification. Keeping in mind the example set forth in Moore's on Federal Practice as to the rights of individual plaintiffs who have been dam-aged by a fire, in that example the question of law is common to all plaintiffs—Was the defendant negligent in the creation of the fire and its subsequent far-reaching proportions? The question of law as it would pertain to negligence would be the same as to all plaintiffs, but the question of fact as the amount of recovery to which each plaintiff would be entitled or the question of contributory negligence, if any, would be different in each case. So in this example, which Moore has cited and which was referred to by our Circuit Court in the Pentland et al. v. Dravo, supra, there would be a common question of law but not a common question of fact.

The original plaintiffs in the instant case and the plaintiffs who desire to intervene are all trainmen now or formerly employed by the defendant who claim they are entitled to extra compensation for coupling air or steam hose. They claim under their written contract they were not obligated to couple air or steam hose where car or air inspectors were available, but that this work was done with the knowledge, direction and authority of the defendant when car inspectors and air inspectors were available. That it was the general, nationwide, established, habitual and customary practice among railroads, including this defendant, and employees to give additional pay to a trainman when he performed services not required by his contract.

That said defendant has not paid any of the original plaintiffs or the plaintiffs who desire to intervene, and as a result thereof a common question of law exists as to whether or not they are one or all entitled to recover against the defendant. The amount of recovery, if any, would vary as to each plaintiff. So we have a common question of law existing as to each plaintiff, whether it be the original plaintiff or one of the plaintiffs who desire to intervene, but a question of fact which is not common as to the amount of recovery.

Approaching our problem in light of the facts, it appears to me to fit squarely into the situation, so to speak, as related by Moore in his work on Federal Practice, Vol. 2, pp. 2241 to 2245, under Spurious Class Actions, and which was given favor-

able comment by our Circuit Court in the Pentland et al. v. Dravo, supra.

I am quite frank in stating that when my opinion of September 18, 1946 was written, I was under the impression that the facts in the instant case fell within the True Class Suit category. However, after deep and searching thought, I do not believe my conclusion was sound and I, therefore, now find that the facts in the instant case fall within the category or classification of a Spurious Class Action.

■ As such, should the motion of the plaintiffs who desire to intervene, either under the motion of July 2, 1946 which involves 58 additional trainmen, or the motion of October 7, 1946 which involves 29 additional trainmen, be granted?

It is admitted by counsel for both party litigants that the great majority of all parties who desire to intervene in both motions do not possess the requirements of diversity of citizenship or the jurisdictional amount of $3,000.

Furthermore there is a common question of law existing between all parties, and the original plaintiffs had the requirements of diversity of citizenship and jurisdictional amount.

The trainmen who desire to intervene as plaintiffs have the same common question of law as the original plaintiffs, and should, therefore, be entitled to intervene regardless of the amount of their claims or their diversity of citizenship. Moore's Federal Practice, Vol. 2, p. 2241; Cyclopedia of Federal Procedure, 2d Ed., Vol. 6, Section 2389, p. 498; 13 University of Cincinnati L. Review 163.

■ Rule 24(b) of Federal Rules of Civil Procedure gives the Court, in the exercise of its discretion, the right to permit any one to intervene where the action has a common question of law or fact existing. I am aware that said discretion should be exercised carefully but I do not believe any substantial prejudice or inconvenience will be caused the defendant by adjudicating the common question of law involved herein as to both the original plaintiffs and those trainmen who desire to intervene as party plaintiffs. If the com-mon legal question is decided in favor of the plaintiffs and the factual situation becomes involved or too burdensome to the defendant as to the amount of recovery to which each plaintiff should be entitled, appropriate consideration can be given that matter at the proper time.

■ There has been no request for a jury trial in either the complaint or amended complaint. As a result of which, under the provisions of Rule 53(a) and (b) of the Federal Rules of Civil Procedure, the Court could refer the matter to a master for the purpose of hearing testimony as to the amount of each plaintiff's claim and the detailed facts which give rise to said claim. In the alternative the Court could continue the case from time to time in order that full and ample opportunity would be available to the defendant to prepare or present its defense to the testimony which has been presented by the plaintiffs in support of their claims for recovery.

In the exercise of my discretion I will, therefore, permit the intervention under the provisions of Rule 24(b) of the Federal Rules of Civil Procedure, both as to the 58 plaintiffs referred to in the motion of July 2, 1946 for the reasons set forth herein, and the 29 plaintiffs referred to in the motion of October 7, 1946.

■ I believe Rule 24(b) was intended to permit intervention when the parties have either a common question of law or fact involved in a proceeding where the intervention will not unduly delay or prejudice the rights of the original plaintiffs or the defendant. Intervention being allowed here will avoid a multiplicity of suits, will dispose of the complete controversy existing between the parties, will save the time of the courts, and will in no way delay or prejudice the adjudication of the rights of the original parties. Western States Mach. Co. v. S. S. Hepworth, D.C., 2 F.R.D. 145, 147; Brotherhood of Locomotive Engineers et al. v. Chicago. M. St. P. & P. R. Co., D.C., 34 F.Supp. 594; Woburn Decreasing Co. of New Jersey et al. v. Spencer Kellogg & Sons, Inc., D.C., 3 F.R.D. 7, 9; Securities and Exchange Commission v. U. S. Realty & Improvement Co., 310 U. S. 434, 459,

60 S.Ct. 1044, 84 L.Ed. 1293; Allen Calculators, Inc. v. National Cash Register Co. et al., 322 U.S. 137, 141, 64 S.Ct. 905, 88 L.Ed. 1188.

All parts of the opinion filed September 18, 1946, in connection with the application for leave to intervene which are inconsistent with this opinion, are recalled or reversed. See 68 F.Supp. 395.

There remains for consideration the second question: In a class action brought on a contract entered into between the bargaining representative of the class and a railroad, may other members of the class not possessing both the jurisdictional requirements of diversity of citizenship and a claim in excess of $3,000, exclusive of interest and costs, intervene on the ground that the Railway Labor Act regulating interstate commerce is involved?

When the Court in its opinion of September 18, 1946 believed the motion to intervene should not have been granted under the provisions of Rule 23(a) (3) or Rule 24(b) of the Federal Rules of Civil Procedure, it was stated that the question of jurisdiction is always open for the consideration of the Court, and I believed it proper for the Court to consider whether or not the petition to intervene should be allowed under any other basic principle of law, or by a statute of the United States. Black & Yates v. Mahogany Association, Inc., 3 Cir., 129 F.2d 227, 236, 148 A.L.R. 841.

It is contended by the defendant that the allegations of fact in the original complaint set forth the basic right of recovery of the plaintiffs to be on a contract executed by the bargaining representative of the plaintiffs with the defendant, and that no mention is made in the complaint of the Railway Labor Act. This is true.

The original plaintiffs and those which the Court permitted to intervene in the opinion filed on September 18, 1946, have filed an amended complaint, and reference to the same will show, more particularly Paragraphs III(b), XII(d), XII(e) and XII(f), that jurisdiction of the Court is now also based on the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq.

The plaintiffs furthermore contend that the defendant agreed to be bound by an award of the National Railroad Adjustment Board, and that an award has been made by said Board against the defendant in favor of an employee who had performed services such as are complained of in this suit.

That although the defendant paid employees similar to those involved in this proceeding, the defendant refused to pay the plaintiffs whose claims are of the same kind and character as those which the defendant did pay after the award of the National Railroad Adjustment Board.

That the plaintiffs in this proceeding were denied, through discrimination on the part of the defendant, from presenting their claims upon which this suit is based to the National Railroad Adjustment Board, and that said action of the defendant is violative of the Railway Labor Act.

The defendant contends that the facts in this case do not arise under any provision of the Railway Labor Act, but rest solely on contract and as a result thereof the federal court does not have jurisdiction on that basis.

I stated in my opinion of September 18, 1946:

"Under the Judicial Code, 28 U.S.C.A. § 41, subsection (8), it is stated that the district court shall have jurisdiction, inter alia, as follows: 'of all suits and proceedings arising under any law regulating commerce.' The Railway Labor Act, 45 U.S.C.A. § 151 et seq. provides, inter alia, that the purpose of the act is 'for the prompt and orderly settlement of all disputes concerning rates of pay, rules, or working conditions'; and 'for the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions.' It places upon carriers and employees the duty of exerting every reasonable effort to settle said disputes by agreement, and prohibits the carrier from altering the rates of pay, rules, or working conditions except in the manner provided by the agreement or by the Act. Terminal R. Association v. Brotherhood of Railroad

Trainmen et al., 318 U.S. 1, 5, 63 S.Ct. 420, 87 L.Ed. 571.

"Also the fact that by the Railway Labor Act Congress has indicated its purpose to make negotiation between carrier and employees obligatory in case of industrial controversy, is in itself a declaration of public interest and policy. The power of Congress over interstate commerce extends to such regulations of the relations of rail carriers to their employees as are reasonably calculated to prevent the interruption of interstate commerce by strikes and their attendant disorders. The peaceable settlement of labor controversies that may seriously impair the ability of an interstate carrier to perform its service to the public is a matter of public concern. Virginian R. v. Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789.

"Jurisdiction of the federal court, under the provisions of the Judicial Code giving federal jurisdiction of actions arising under any 'law regulating commerce,' is independent of the amount in controversy or diversity of citizenship. The only prerequisite is that the question which exists must arise under a federal and not under a state law regulating commerce. Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193; Primakow v. Railway Express Agency, D.C., 57 F.Supp. 933; Mulford et al. v. Smith et al., 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092.

"The Railway Labor Act is the means which Congress chose to secure the uninterrupted service of interstate railroads and is a federal law which regulates interstate commerce. Virginian R. v. Federation, 300 U.S. 515, 553, 57 S.Ct. 592, 81 L.Ed. 789."

In my prior consideration of this question, I was of the impression and opinion that the suit in the instant case did present a cause of action under the Railway Labor Act and involved a matter pertaining to interstate commerce.

The Court raised this question on its own initiative, having in mind that it is proper for the Court to consider its jurisdiction at any time. However, the plaintiffs or the defendant had not argued or discussed this phase of jurisdiction, and no opportunity existed for either party litigant to argue the question or present authorities in support of their respective positions. That is why I believe it advisable to consider the objection to the present motion for leave to intervene also as a petition for rehearing on the first objection to the motion for leave to intervene.

The authorities cited by this Court in support of its conclusion that the facts in the instant case indicate a cause of action arising under the Railway Labor Act, see 68 F.Supp. 395, 403.

I believed sufficient similarity existed to bring this proceeding within the rules of law therein expressed.

The plaintiffs in addition to relying on the position formerly taken by the Court have in their amended complaint set forth allegations, Paragraphs III (b), XII (d), XII(e), XII(f), wherein it is claimed in substance that the defendant has failed to comply with an order of the First Division of the National Railroad Adjustment Board which governs and controls the action of the plaintiffs against the defendant in this proceeding.

It is a settled rule of law that a suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy, respecting the validity, construction or effect of such a law, upon the determination of which the result depends. Teague v. Brotherhood of Locomotive Firemen, etc., 6 Cir., 127 F.2d 53, 55.

I believe that my position was not well taken in the conclusion which I formerly reached, in holding that the facts in the instant case raise a question under the provisions of the Railway Labor Act. I am now convinced that the present suit is based on the provisions of a private contract entered into between the bargaining agent of the plaintiffs and the defendant company. The obligation of the contract is a creation of the state, no federal right will support the claim of any one of the plaintiffs that the defendant has failed to comply with a general recognized custom

which the defendant understood and which was intended to be part of the contract signed by the defendant with the bargaining agents of the plaintiffs. I am unable to find any provision in the Railway Labor Act which protects or governs the right of any of the plaintiffs in this proceeding in connection with their right of recovery, and as a result thereof there is no federal question for determination. Teague v. Brotherhood of Locomotive Firemen, etc., 6 Cir., 127 F.2d 53, 55, 56; Randolph et al. v. Missouri-Kansas Texas R. Co. et al., D.C., 68 F.Supp. 1007.

Furthermore it has been held that the powers conferred on the Railroad Labor Board, and I believe the same rule of law would have application to the powers conferred under the Railway Labor Act, are advisory only, with no coercive effect whatsoever other than the sanction and force of publicity and public opinion. In other words, the Railroad Company could not be compelled by law to comply with a judgment rendered by the National Railroad Adjustment Board by virtue of the authority delegated by the Railway Labor Act since this Board was designed to provide a tribunal to determine, but not to enforce, legal rights and obligations of railway employees and employers. Even if the defendant would embody the order of the National Railroad Adjustment Board in a working agreement with its employees, said agreement would become a matter of a contract between the parties, and any rights that the employees might have in connection therewith arose not out of the statute that set up the Board, not out of the action of the Board in formulating rules, but out of the contract itself. Applying this rule of law to the facts which are set forth in the amended complaint, the right of action which exists does not arise under any statute of the United States or more particularly the Railway Labor Act so as to confer jurisdiction on this basis upon the United States District Court. Barnhart v. Western Md. R. Co., 4 Cir., 128 F.2d 709.

Unless the case involves the right under the Railway Labor Act which is enforceable by the Court, the action is not one arising under any law regulating commerce and, therefore, not under the original juris-diction of the District Court. General Committee v. Missouri K. T. R. Co., 320 U. S. 323, 337, 64 S.Ct. 146, 88 L.Ed. 76; Gully v. First National Bank in Meridian, 299 U. S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70.

Nothing in the present suit involves the validity, construction or affect of the Railway Labor Act upon which the result of this action depends. Although the parties to this proceeding were governed by the act, the right of action, if one exists, is based on the alleged breach of a custom which it is alleged should be considered a part of the contract; the cause of action does not arise under the Railway Labor Act but only from the consequent contractual relations of the parties. The wrongful breach of such contractual relations does not confer jurisdiction upon the federal court unless there is a diversity of citizenship and the jurisdictional amount involved.

I, therefore, deny the motion to intervene in each instance on the theory of interstate commerce or that a question exists in the instant suit which involves any provisions of the Railway Labor Act. All parts of the opinion which appear in 68 F.Supp. 395, which are inconsistent with the conclusion just expressed, are recalled or reversed.

It is apparent that the conclusion reached by the Court in allowing the 58 plaintiffs to intervene on the basis of the motion filed July 6, 1946, and the allowance granted to the 29 additional plaintiffs to intervene on the basis of the motion filed October 7, 1946, is the same as that reached in the opinion filed September 18, 1946, although there is a divergence in the reasons assigned.

In other words that the motion for leave to intervene in each instance should be granted for the reason that the cause of action in the instant case is a Spurious Class Suit. Under the provisions of Rule 24 (b) of the Federal Rules of Civil Procedure since a common question of law exists, both as to the original plaintiffs and intervening plaintiffs, the Court in the exercise of its discretion will grant intervention since I do not believe that any undue delay or prejudice will be caused the original plaintiffs or defendant in so doing.

An appropriate order will be filed.