The UNITED STATES of America for the Use of "AUTOMATIC" SPRINKLER CORPORATION OF AMERICA, Plaintiff,

v.

FIDELITY & DEPOSIT COMPANY OF MARYLAND et al., Defendants and Merritt-Chapman & Scott Corporation, Defendant and Third-Party Plaintiff (The AMERICAN SURETY COMPANY, Third-Party Defendant), Frederick J. Raff, d/b/a Frederick Raff Company, Applicant for Intervention.

Civ. A. No. 5779.

United States District Court
M. D. Pennsylvania.

July 18, 1958.

Joseph P. Brennan, Scranton, Pa., Trenkamp & Coakley, Cleveland, Ohio, for plaintiff.

O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., Manning, Hollinger & Shea, New York City, Charles W. Kalp, Lewisburg, Pa., for defendants and third-party plaintiff.

Welles & Mackie, Scranton, Pa., for third-party defendant.

Robinson, Robinson & Cole, Hartford, Conn., Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for applicant for intervention.

FOLLMER, District Judge.

This is a motion for an order permitting Frederick J. Raff d/b/a Frederick Raff Company (hereinafter called "Raff") under Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A.,

to intervene as an additional third-party defendant in the above stated action in order to assert defenses and a counterclaim against Merritt-Chapman & Scott Corporation (hereinafter called "Merritt") and the other defendants named therein.

The action was instituted by the plaintiff, "Automatic" Sprinkler Corporation of America (hereinafter called "Automatic") under the Miller Act, 40 U.S.C.A. § 270a et seq., against the prime contractor, Merritt, and its sureties, for monies due the plaintiff for certain work performed by it in the installation of a sprinkler system at the Signal Corps Depot located at Tobyhanna, Pennsylvania.

Plaintiff was a subcontractor of Raff, who in turn was a subcontractor of Merritt. Merritt filed a third-party complaint against The American Surety Company (hereinafter called "American") which was surety for Raff on this particular project.

Raff states that the reason he wishes to intervene is because he has been notified by American that the suit has been filed and therefore under the law Raff will be bound by a judgment in this action which may be entered against American, and for the further reason that the representation of Raff's interest by American may be inadequate because Raff has defenses and/or counterclaims which he wishes to assert against Merritt and which cannot be asserted by American.

The right of a party to intervene in an action in the Federal Courts is controlled by Rule 24 of the Federal Rules of Civil Procedure, which in pertinent part provides as follows:

"Rule 24. Intervention.

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

On April 8, 1958, the Court entered an order severing the original claim of Automatic against Merritt and the original seven surety companies from all of the claims involved in the counterclaim and cross-suit papers, and permitting Automatic to proceed against Merritt and the original seven surety companies without regard to the cross-suits and counterclaims.

The motion to intervene was filed December 23, 1957. The motion was not however accompanied by a pleading setting forth the claim or defense for which intervention was sought.

At a pre-trial conference held at this point, Raff stated that all of his books and records on the case had been impounded by the Government in a collateral action, that the said records had just been made available to him and accordingly asked for additional time to file the pleading required by the Rule. The request was granted and the Court deferred action on the motion until the pleading was filed.

On May 3, 1958, intervening petitioner Raff filed his answer to complaint of Merritt, third-party plaintiff, in which he asserted a counterclaim against Merritt in the sum of $103,395.26, a substantial

portion of which is an unpaid balance on the installation of sprinkler system at the Signal Corps Depot, Tobyhanna, which said installation forms the precise subject matter of the original action herein.

Moore's Federal Practice, Vol. 4, 2d Ed., Par. 24.10, Page 61, states the general proposition here involved as follows:

"The most obvious case for permissive intervention, of course, is the situation where an intervener has a claim against the defendant similar to or identical with that asserted by the plaintiff. * * *"

As was stated by the Court in Western States Machine Co. v. S. S. Hepworth Co., D.C.E.D.N.Y., 2 F.R.D. 145, 147:

"Rule 24(b) was intended to permit intervention when the parties had a question of law or fact in common and where the intervention would not unduly delay or prejudice the rights of the original parties. Intervention here will avoid a multiplicity of suits, it will dispose of the controversy existing between the parties, it will save the time of the Court, and will in no wise delay or prejudice the adjudication of the rights of the original parties."

In view of the severance of the original claim against Merritt and its sureties, the question of delay or prejudice to Automatic from the intervention becomes moot.

█ It is our opinion that this is a typical case for permissive intervention. It therefore becomes unnecessary for us to make a determination as to whether the facts of the case confer an unconditional right to intervene.

Accordingly, leave is granted to Raff to intervene in accordance with his motion.