INTERNATIONAL ASSOCIATION OF MACHINISTS, Plaintiff,

v.

EASTERN AIRLINES, INC., A Delaware corporation, Defendant.

Civ. No. 63–486.

United States District Court
S. D. Florida.

Sept. 9, 1963.

Joseph P. Manners, Miami, Fla., for plaintiff.

William Bell, Atlanta, Ga., for defendant.

FULTON, District Judge.

This cause having come on to be heard upon the motion of the defendant, Eastern Airlines, Inc., to dismiss the Complaint, and the Court having heard argument of counsel and being duly advised in the premises, it is

Ordered and adjudged as follows:

1. The Court need only consider the Complaint and the Motion to Dismiss in disposing of the Motion. The Court has refrained from considering the affidavit and the testimony presented at the hearing, in reaching its decision.

2. The key allegations of the Complaint in this cause are to the effect:

(a) That a written labor-management contract was in effect between the parties which provided that grievance conferences by union stewards would be held on company time.

(b) That, while the written contract was silent on the matter, a further provision was integrated into the contract, by virtue of custom and established usage, to the effect that in going about the company's plant to confer upon and handle such grievances, the union steward did not have to secure permission from management to leave his place of work, or to proceed to the area of conference on the grievance.

(c) That the defendant company has recently established, by unilateral action, a requirement that union stewards must obtain permission and a pass before proceeding to confer upon grievances.

(d) That the unilateral action by the company amounts to a "change" in the terms of the existing agreement and is invalid and should be enjoined because it was not accomplished in accordance with the specific method for changing existing agreements, which method is provided by the Railway Labor Act, in 45 U.S.C. § 156.

3. Although the Complaint alleges that the defendant has "changed" the terms of the agreement, the Court is of the opinion that the Complaint, when viewed realistically in its entirety, alleges simply that the defendant has violated the terms of an existing agreement, and asks this Court to construe and interpret the entire agreement to determine if this is so, and then to grant appropriate relief against any violation so found.

4. The dispute forming the basis of this Complaint, being primarily a conflict as to the proper interpretation of an existing bargaining agreement, must be regarded as a "minor dispute" within the meaning of those cases which have held that minor disputes are within the exclusive jurisdiction of the local system boards of adjustment as established under the Railway Labor Act. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950); Order of Railway Conductors of America v. Southern Railway Co., 339 U.S. 255, 70 S. Ct. 585, 94 L.Ed. 811 (1950); International Ass'n of Machinists v. Eastern Air Lines, (5th Cir. 1963), 320 F.2d 451. These cases are all based on the "major-minor" distinction first set forth in Elgin, J. & E. Ry. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945) as follows:

"[Major disputes] relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the acquisision of rights for the future, not to assertion of rights claimed to have vested in the past. [Minor disputes], however, contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case."

5. The mere allegation that a "change" is involved is not sufficient to compel the conclusion that a major dispute within the meaning of the Burley test, is involved. Upon closer scrutiny of the language of the Burley case, it becomes apparent that even a major dispute involving a "change" under the Burley test will necessarily involve some limited "interpretation" of the agreement in question to determine if in fact a "change" has occurred. To this extent the same dispute might logically be characterized as both major and minor under the Burley test. Cf., Rutland Ry. Corp. v. Brotherhood of Locomotive Engineers, 307 F.2d 21, 33 (2d Cir. 1962). To avoid this dilemma, it is necessary to read into the Burley test the requirement that a major dispute involving a change in an existing agreement must be predicated upon the showing that a substantial and clearly apparent change is involved. Otherwise, the plain intent of Burley and the succeeding cases, to the effect that the detailed interpretation of agreements subject to the Railway Labor Act should be left to the exclusive jurisdiction of the system boards of adjustment could easily be defeated in every case of disputed interpretation, by the facile expedient of labelling the disputed action

50

of the employer or the union as a "change."

6. The Court finds that the Complaint in this case does not allege a claim within the jurisdiction of this Court. It involves a matter which is reserved to the exclusive jurisdiction of the appropriate administrative agency, under the Railway Labor Act.

It is therefore,

Ordered and adjudged that the defendant's Motion to Dismiss the Complaint should be and the same is hereby granted with prejudice.