**EASTERN AIR LINES, INC., Appellant,**

v.

**FLIGHT ENGINEERS INTERNATION-AL ASSOCIATION, et al.,**
Appellees.

No. 21312.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1965.

Rehearing Denied Feb. 16, 1965.

---

W. Glen Harlan, William G. Bell, Jr., Miami, Fla., E. Smythe Gambrell and Gambrell, Harlan, Russell & Moye, Atlanta, Ga., for appellant.

I. J. Gromfine, Washington, D. C., J. M. Finkel, Miami, Fla., for appellees.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from an order of dismissal in the trial court which held that no "federal question" jurisdiction existed in this action brought by Eastern Air Lines, Inc., to enjoin a strike by Flight Engineers Local and seeking damages for losses occurring from the work stoppage. There being no basis for federal jurisdiction, except under 28 U.S.C.A. § 1331, the federal question jurisdiction statute, the question posed for us is whether the complaint presents a claim that "arises under the Constitution, laws, or treaties of the United States."

█ For the purpose of testing the correctness of the trial court's judgment, we must consider the complaint, as filed by the appellant, because it is from the allegations of the plaintiff only that the court can determine whether the matter in controversy is one that arises under the Federal statutes. The complaint alleged the following state of facts:

At 10:00 P.M., February 17, 1961, Eastern Air Lines Flight Engineer employees, represented by Flight Engineers International Association, E.A.L. Chapter, started a strike or work stoppage in compliance with the orders of the Association. This strike was not in protest of any conduct of Eastern Air Lines and was not in connection with any then existing labor dispute with Eastern. It was in protest against the report of a committee appointed by the National Mediation Board in a class or craft dispute on United Airlines. This report contained recommendations to the National Mediation Board that were unacceptable to the Flight Engineers Association, and this strike or work stoppage was part of a general strike against all major airlines which had employees represented by Flight Engineers International Association in an effort to force the National Mediation Board to reject the committee's recommendation.

The complaint alleged that collective bargaining sessions were currently being held between the Association and Eastern looking towards a new contract. This case had been docketed before the National Mediation Board. However, as stated, the strike bore no relation to these negotiations. The complaint alleged, nevertheless, that the strike, occurring while the negotiations were before the National Mediation Board (even though not related to them), was unlawful; that it was a violation of the Railway Labor Act and was an unwarranted, unjustified and unlawful interference with interstate commerce, the business of Eastern, the contractual relationship between Eastern and its employees, and the performance by Eastern of its statutory duty to carry United States mail, passengers and cargo, pursuant to its certificates of public convenience and necessity. It alleged that irreparable damages, including losses estimated at $900,000 per day would follow unless the strike was immediately enjoined. It sought both preliminary and permanent injunctions as well as a temporary restraining order, without notice, and compensatory and punitive damages.

A temporary restraining order was issued on February 18, 1961, and after some intervening skirmishes, the strike was terminated on February 23rd at approximately 4:00 P.M. This, of course, mooted the prayer for injunctive relief, but several months later Eastern Air Lines sought to reactivate its claim for damages resulting from the six-day work stoppage.

Upon motion by appellees, the trial court dismissed the complaint on the

ground that the matters in controversy did not "arise under the constitution, laws or treaties of the United States."

In Florida East Coast Railway Company v. Jacksonville Terminal Company, 5 Cir. 1964, 328 F.2d 720, at 722, we stated the test of federal jurisdiction where it is asserted under the "federal question" section. We there quoted from Dickson v. Edwards, 5 Cir., 293 F.2d 211:

> "The test is the familiar one that it must appear from the complaint that the construction of a federal statute will have an adverse effect on the right of recovery if the statute is construed [in] one rather than another way."

We apply that test here.

Both parties to this litigation agree that the Railway Labor Act, 45 U.S.C.A. § 151 et seq., prohibits self-help by employees and employers in rail carrier and air carrier fields under two well-known sets of circumstances. Not only is this true, but the courts have recognized that under either of these two sets of circumstances the anti-injunction prohibition of the Norris-LaGuardia Act is not applicable, and a strike by employees or a violation of the terms of the Act by the carrier, warrants the issuing of an injunction at the instance of the injured party. The two types of situations when injunctions are permissible are (1) where the compulsory adjustment procedures provided for in the Act are being pursued in connection with a "minor" dispute. Brotherhood of Railway Trainmen v. Chicago R. & I. Ry. Co., 353 U.S. 30, 77 S.Ct. 635, 1 L.Ed.2d 622, and (2) where the National Mediation Board procedures, as provided in the Act, have not been concluded where a controversy involves a "major" dispute. Elgin, Joliet and E. Railway v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886.

Appellant does not here contend that the strike has anything to do with the "major" dispute that is pending between the parties by reason of the fact that a Section 6 notice has been given by the carrier for the negotiation of a new contract. Nevertheless, appellant does contend that the mere fact that such major dispute is now pending on the docket of the Mediation Board, a work stoppage by the employees is a violation of the Railway Labor Act. We think this contention is unsound since there is nothing in the Act itself that prohibits self-help except in the two circumstances which have been set out above. Thus, it cannot be said that a strike which is not in support of the position being maintained by the striking employees in either a minor or major dispute, as the case may be, is prohibited by the terms of the Act.

The Court of Appeals for the Second Circuit had such a problem in Pan American World Airways v. Flight Engineers International Association, 2 Cir., 306 F.2d 840. There, a strike occurred at a time when a major dispute was pending before the National Mediation Board but after the dispute *out of which the strike grew* had been finally disposed of by that Board. In other words, the Mediation Board had finally disposed of a dispute in a manner unsatisfactory to the Flight Engineers; during the thirty-day cooling off period Pan American World Airways had filed an additional Section 6 notice proposing a change in the existing agreement; thereafter the strike was called by the Association because of their dissatisfaction with the termination by the Mediation Board of the first dispute. The court held that the mere existence of a major dispute before the Mediation Board did not cause the strike in protest to the earlier action to be an illegal strike in violation of the terms of the Act.

So, too, here, the fact that there is a negotiation pending on proposed changes in the agreement affecting conditions of employment does not make illegal a strike in protest to matters in no way related to the pending negotiations.

We find no other provision of the Railway Labor Act which expressly places in Eastern Airlines the right to bring an action in the Federal District Court to enjoin or seek damages for a

breach of the employment contract, which Eastern alleges occurred when the appellees went out on strike on February 17th. Where Congress has sought to give such right in other labor management disputes, it has found means to do so as is indicated by Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(a).

The relations between Eastern Airlines and its employees and their Association are fixed by contract. If a breach of this contract has occurred by the work stoppage on February 17th, presumably a cause of action exists in favor of Eastern Air Lines under normal, common-law principles. Likewise, if equity principles would warrant the granting of an injunction such a right would exist without reference to the Railway Labor Act. Such proceedings could be brought in the state courts. Lack of federal court jurisdiction does not weaken the right nor deny the remedy.

Appellant goes further here, however, and argues that the conduct of the defendants below interfered with its obligation to carry the United States mail, and constituted an interference with interstate commerce, and thus the Federal court has jurisdiction because Eastern seeks to vindicate its right to continue to carry on these duties which it is under obligation to do under its certificate of public convenience and necessity. We find no authority for the proposition that the holder of such a certificate is under any obligation to vindicate the rights of the United States, either in seeing that the mails are carried without interference or that interstate commerce be not interfered with by filing a suit in a Federal District Court. Federal courts, under our system, have limited jurisdiction. The jurisdiction statutes do not embrace every action that may be brought by a person engaged in interstate commerce merely because the defendant in the action may be charged with conduct that in some way would amount to interference with the free flow of commerce. This, in effect, is

what Eastern Air Lines seeks to have this court permit.

We conclude that since the Railway Labor Act does not expressly prohibit a strike under the circumstances that existed in this case, and since a recovery or denial of recovery for the breach of contract alleged here is in nowise dependent upon an interpretation of the Railway Labor Act, the trial court was correct in its determination that federal question jurisdiction did not attach to this complaint.

The judgment is affirmed.