Donald **HUDIE**, Thomas Lavelle, Brotherhood of Railroad Trainmen, Local Lodge No. 1053, et al., Plaintiffs,

v.

**ALIQUIPPA & SOUTHERN RAILROAD COMPANY, Defendant.**

Civ. A. No. 65–949.

United States District Court
W. D. Pennsylvania.
Jan. 7, 1966.

Albert D. Brandon, of Brandon, Shearer & Flaherty, Pittsburgh, Pa., for plaintiffs.

J. N. Poffinberger, Jr., of Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In the Substituted Complaint Hudie and other conductor-brakemen of the Aliquippa & Southern Railroad Company, and Local Lodge 1053 of the Brotherhood of Railroad Trainmen, the certified bargaining agent of all train service employees of that Railroad, seek an injunction requiring the defendant carrier to comply in all respects with Article I, Section (c) of the Collective Bargaining Agreement ("Contract") between Local 1053 of the Brotherhood of Railroad Trainmen and the carrier;[1] to enjoin the carrier from making any changes in the "rate of bonus in contravention of either Section 6 or Section 7 of the Railway Labor Act, 45 U.S.C.A. 152"; and "to require the carrier to immediately pay the contractural [sic] bonus, together with interest".

Jurisdiction is claimed pursuant to 28 U.S.C.A. §§ 1331 and 1337 and by the terms of the Act, 45 U.S.C.A. § 151 et seq.

It is alleged that on or about the 15th day of February, 1965, the defendant carrier "unilaterally and without complying with the terms of Section 6 of the Railway Labor Act, did purport to change the terms of this contract" in violation of both "Section 6 of the Railway Labor Act and Section 7 of said Act."

The unilateral and unauthorized change in the Contract attributed to the carrier is alleged in ¶ 11 of the Substituted Complaint as follows:

"[T]he carrier has * * * artificially included hours not worked *in computing the Bonus Rates* on Weighted Revenue Tons per Man" and "that this change has reduced the pay of your plaintiffs and others similarly situated approximately $20.00 per month * * *." (Emphasis ours.)

The Substituted Complaint contains no allegations of irreparable damage or hardship, nor any request for a preliminary injunction.

The defendant railroad has moved to dismiss on the ground that this court does not have jurisdiction over the subject matter since the National Railroad Adjustment Board has exclusive primary jurisdiction of this controversy. On this ground we think the motion should be granted.

It seems obvious from the allegations of the Substituted Complaint that plaintiffs would have this court interpret, apply, and enforce in their favor by way of mandatory injunction the aforesaid provision of the existing Contract, quoted in f. n. 1, in preference to a different interpretation purportedly relied upon by the Railroad.

■■ The entire claim of the plaintiffs rests upon the computation of bonus

---

1. Article I, Section (c), of the Contract as set forth in the Substituted Complaint provides:

"(c) The Revised Schedule of Bonus Rates for Conductors, Brakemen, and Switchtenders effective September 1, 1952, which is attached hereto and made a part hereof, is based upon revenue tons per man hour for the occupations of engineer, fireman, conductor, and brakeman.

Said bonus shall be paid as a percentage of wages for the hours actually worked for the month, and it shall be paid on the second pay day in the following month. The bonus does not apply to students."

No copy of the Collective Bargaining Agreement was attached to the Complaint or Substituted Complaint.

payments *pursuant to the Collective Bargaining Agreement.* Thus the action involves a "minor dispute" over which the National Railroad Adjustment Board has primary jurisdiction exclusive of any court. Brotherhood of Locomotive Engineers v. Louisville & Nashville Railroad Co., 373 U.S. 33, 83 S.Ct. 1059, 10 L.Ed.2d 172, (1963); Pennsylvania Railroad Co. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959); Order of Railway Conductors of America v. Southern Railway Co., 339 U.S. 255, 70 S.Ct. 585, 94 L.Ed. 811 (1950); Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945); Roberts v. Lehigh and New England Railway Company, 323 F.2d 219 (3d Cir. 1963); Gainey v. Brotherhood of Railway & Steamship Clerks, etc., 275 F.2d 342 (3d Cir. 1960).[2] The absence of a § 6 (45 U.S. C.A. § 156) notice cannot have significance in the context of a "minor dispute".

■■ The Railway Labor Act invested the Adjustment Board with broad powers to arbitrate grievances and disputes and plainly intended that controverted provisions of existing contracts shall be interpreted by railroad men, both workers and management, acting on the Adjustment Board with their accepted expertise in the field. The Act's provisions are to be considered as requiring compulsory arbitration of "minor disputes". Brotherhood of Locomotive Engineers v. Louisville & Nashville Railroad Co., supra, pp. 38–40, 83 S.Ct. 1059.

■ In view of our decision, we do not pass upon defendant's contention that neither § 1331[3] nor § 1337, 28 U.S.C., can serve as a basis for jurisdiction over the subject matter of the Substituted Complaint, citing, inter alia, Hettenbaugh v. Airline Pilots Ass'n International, 189 F.2d 319 (5th Cir. 1951), and Shipley v. Pittsburgh & L. E. R. Co., 70 F.Supp. 870 (W.D.Pa.1947). See also, Eastern Air Lines, Inc. v. Flight Engineers Internat'l Ass'n, 340 F.2d 104 (5th Cir. 1965), and cf. Rumbaugh v. Winifrede Railroad Company, 331 F.2d 530 (4th Cir. 1964). It seems clear, however, that in the absence of a "major dispute" there can not be a violation of either 45 U.S. C.A. § 152 Seventh or 45 U.S.C.A. § 156 which would support claims arising under the laws of the United States (28 U.S.C. § 1331(a)) or under any Act of Congress regulating commerce (28 U.S.C. § 1337).

Nor do we pass upon defendant's contention that the individual plaintiffs have no standing to sue because they failed to allege, resort to, or exhaust the available grievance procedure remedies provided in the contract, citing, inter alia, Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), and Gainey v. Brotherhood of Railway & Steamship Clerks, etc., 275 F.2d 342 (3d Cir. 1960).

An appropriate order will be entered.

---

2. There are also authorities which appear to hold that a plaintiff's mere request for application of a provision in an existing collective bargaining agreement for the purpose of asserting claimed vested rights requires a determination that the underlying controversy involves a "minor dispute". Aaxico Airlines, Inc. v. Air Lines Pilots Ass'n Internat'l, 331 F.2d 433 (5th Cir. 1964); Dining Car Emp. Local No. 385 v. Chicago, M. & St. P. & P. R. Co., 323 F.2d 224 (7th Cir. 1963); International Ass'n of Machinists v. Eastern Airlines, Inc., 320 F.2d 451 (5th Cir. 1963); Texas Pacific-Missouri Pac. Terminal R. of New Orleans v. Brotherhood of R. & S. Clerks, etc., 232 F.Supp. 33 (E.D.La.1964); International Ass'n of Machinists v. Eastern Airlines, Inc., 224 F.Supp. 48 (S.D. Fla.1963).

3. Plaintiffs have not alleged that the amount in controversy exceeds the sum or value of $10,000.