15223

PINK v. AARON ET AL.

(13 S. E. (2d), 489)

*Messrs. Thomas, Cain* and *Black,* for appellants,

424

*Messrs. Colin S. Monteith, Jr., Edwin H. Cooper* and *Frank A. Graham, Jr.,* for respondent,

*Mr. Robert McC. Figg, Jr.,* for other respondents,

March 3, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The Auto Mutual Indemnity Company is incorporated under the laws of the State of New York; it has policyholders in this and states other than New York. It became financially involved. The Supreme Court of New York, by its order, placed the company in rehabilitation. Upon a proper showing by the liquidator that an assessment against all members (policyholders) of the company was necessary to meet the liabilities of the company, an order of the Court was made directing that such assessment be made. Thereupon, the liqui-

dator computed the amount due by each policyholder, including the defendants in this action, and the Court ordered the members to pay to the liquidator the amount assessed against them.

The present action was brought in the Court of Common Pleas for Richland County against the defendants, as residents of the State of South Carolina, and certain of them (named) as residents of Richland County, to collect the assessment levied against each of them as set forth in Exhibit "A" attached to the complaint.

The complaint alleges that the action is in the nature of a creditor's bill instituted for the purpose of marshaling the assets of the said Auto Mutual Indemnity Company.

Certain of the defendants demurred to the complaint on the first, fifth and sixth grounds thereof, namely:

"(1) That this Court has no jurisdiction of the subject of the action for the reason that the complaint fails to allege and show on its face that a petition or complaint by the plaintiff creditor, on behalf of himself and all other such creditors, was ever filed in a Court in the State in which the Auto Mutual Indemnity Company was domiciled, asking that said company be declared insolvent and for the appointment of a liquidator to wind up its business and affairs, or that said company was ever a party defendant in any action brought for the purpose of determining its insolvency and establishing the amount of the assessment liability of its members, or that a final adjudication thereof had been rendered and judgment entered thereon, or that any order of Court was ever signed and filed authorizing the plaintiff to maintain any such action as this in the State of South Carolina; that the New York Court did not acquire jurisdiction over the defendant and, therefore, had no power to render any such judgment against this defendant; and that the plaintiff further fails to allege any New York statutes authorizing such a judgment."

"(5) That several causes of action have been improperly united in that the complaint alleges that the party defend-

ants hereto are liable for an assessment and in addition thereto are liable for other indebtedness, and further that each separate action against each defendant arises out of different facts and under separate contracts and to which there are separate defenses.

"(6) That the complaint does not state facts sufficient to constitute a cause of action for the reason that the said complaint fails to show on its face the existence of any contract of insurance entered into by and between the said Auto Mutual Indemnity Company and the party defendants hereto or that a contract of insurance issued by said Auto Mutual Indemnity Company provides for the levying of an assessment against its members and furthermore said complaint has failed to allege the provisions of Section 8100, 1932 Code of Laws of South Carolina, which provides that a mutual company not possessed of assets at least equal to the unearned premium reserve, and other liabilities shall make an assessment to provide for such deficiency upon only such members as are liable in proportion to their several liabilities as expressed in their policies and that each such member shall be liable only on account of losses and expenses incurred while his policy was in force."

Certain other defendants demurred as follows:

"3. That it appears on the face of the complaint that the action is alleged to be a creditor's bill, brought by the plaintiff as representing and in the right of the debtor, to wit, the defunct insurance corporation, and the plaintiff is not a creditor of said corporation, and no cause of action in the nature of a creditor's bill lies either in plaintiff's favor or in favor of the defunct corporation against the alleged debtors of the defunct insurance corporation."

"2. That it appears on the face of the complaint that there is a misjoinder of the causes of action, in that the causes of action against the several defendants are separate and distinct, and not joint, and under the law cannot be joined in the same complaint."

The demurrers were heard by his Honor, Judge Henderson, who filed the following order:

"This case comes before me on demurrers interposed by several of the defendants.

"The grounds of the demurrers are that the Court has no jurisdiction of the person of the defendant or the subject of the action; that the plaintiff has not legal capacity to sue; that there is a defect of parties plaintiff and defendant; that the complaint does not state facts sufficient to constitute a cause of action; and that several causes of action have been improperly united.

"I have given careful consideration to the oral arguments, and the very helpful written briefs which were filed with me, and I am of opinion that all of the grounds of the demurrers, except the last one, should be overruled. I think, though, that the demurrers should be sustained on the ground that several causes of action have been improperly united.

"The complaint alleges that Auto Mutual Indemnity Company was a mutual insurance company, under the laws of the State of New York; that on November 12, 1937, an order was made by the Supreme Court of the State of New York, placing the company in rehabilitation; that being insolvent, it was later placed in liquidation by that Court; that the plaintiff, Louis H. Pink, is the liquidator; that thereafter the plaintiff filed a report showing the condition of the company's affairs and the necessity of an assessment; that the New York Supreme Court thereupon entered an order adjudging an assessment against all members of the company, including all of the defendants herein; that plaintiff computed the amount due by each policyholder and the New York Court ordered each member during the year prior to November 10, 1937, including each defendant herein, to pay the amount assessed against him to the plaintiff; that in addition to the assessments, the New York Court ordered the members to pay the amount of other indebtedness due by them, to the plaintiff; that a certain stated sum is due by

each defendant; that the action is in the nature of a creditor's bill instituted for the purpose of marshaling the assets of the insurance company, and that all monies collected by this proceeding will be merged with all other collections of liabilities, and will be distributed ratably among all the creditors of the company.

"It will thus be seen that the New York Court has already ascertained the indebtedness of the company, and has adjudicated the necessity for assessments against the members, as well as definitely fixing the amount due by each policyholder.

"The plaintiff's action is not one to determine the necessity for an assessment or the amount of it.

"The necessity and amount of assessment having been established in New York, the plaintiff, as statutory liquidator, has a cause of action in law against each of the policyholders for the amount due by each one upon his separate agreement.

"In *Wetmore v. Scalf,* 85 S. C., 285, 67 S. E., 298 [299], the action was brought in the county of the residence of the defunct insurance company to appoint a receiver for the company, and to wind up its affairs. In that suit, the Court ordered the receiver to bring in the parties owing assessments who failed to pay them.

"In upholding the action of the Circuit Court in ordering parties owing such indebtedness to be brought into the original suit, one to ascertain indebtedness and fix liability of the members, the Supreme Court said: 'If the proceeding taken against Scalf is to be regarded as a separate suit independent of the original action, then it should have been brought in Greenville County, because the defendant is a resident of that county, and the property alleged to be subject to the lien for the sum due by Scalf on assessment against him is situated in that county.'

"Further, the Court said: 'The sole question, then, is whether the court of common pleas for Spartanburg had the

jurisdiction to bring in all members of the mutual company, that it might ascertain and adjudicate their liabilities without respect to their places of residence, and to enforce any liens on the lands of such members for their unpaid assessments without respect to the location of the land.

" 'By the institution of the original suit to marshal the assets all the affairs of the insolvent corporation were brought into the court for administration. In taking jurisdiction for this purpose the court undertook to ascertain the liabilities, collect the assets, and to adjust all the equities, not only of the creditors against each other, but of the creditors against the members and of the members against each other. Evidently the assets of mutual assessment insurance companies consist chiefly of the liabilities of the members for the assessments due from them to meet losses. When the company becomes insolvent and is to be wound up by the court, the members are liable for assessments only to the extent necessary to pay off the accrued losses of the company. The case is entirely different from one in which the court undertakes to wind up the affairs of a corporation holding separate notes or other choses in action against different individuals. In such a case there is no interdependence between the assets and the debts, and the separate debtor is in no wise concerned with the extent of the debts of others due the company, or with the aggregate debts of the company; and so a separate suit ancillary to the original suit must be brought against him. The difference here is that every member has a vital interest, and is therefore entitled to be heard in the ascertainment and adjudication of the amount of the debts, because upon the amount of the debts depends the extent of his liability. Hence it follows 'that the court can make no conclusive adjudication of the debts or the liabilities until the members are made parties. Therefore, if the court undertaking to marshal the assets and wind up the affairs of the insolvent company is to settle the rights of creditors and collect its assets, it is essential that the members should be

brought in, and heard on the assessment necessary to be levied and their own liability therefor.'

"In this case the Court recognized the fact that if the suits were separate from the main action, they would have to be brought against the several persons in the counties in which they reside; and also that it was the interest of the several parties in the ascertainment of the debts, and assets, that gave them an interest in the original suit.

"A clear distinction was made as to cases where a corporation holds choses in action against different individuals, in which case a separate suit, ancillary to the original one, must be brought. In the present case the orginal suit was in New York. It has proceeded to final judgment, the amount of the debts of the company has been determined, and the amount of the assessments fixed. The present suit, therefore, is one to recover a specific amount from each defendant. It has nothing to do with ascertaining the indebtedness of the company, nor with winding up its affairs.

"The plaintiff urges that this action is quite similar to a suit to collect the statutory liability of stockholders of insolvent banks. It seems to me, however, that the difference lies in the fact that in stockholders' actions there is the necessity of ascertaining the debts and liabilities, and necessity for an assessment, matters on which the stockholders are entitled to be heard; while in the present case, all of those matters had been determined previously, and the action is one to collect the separate and individual debts due by a number of persons. This, I think, differentiates the present case from one in the nature of or assimilated to a creditor's bill. I have given very careful thought to the contention of the plaintiff that by following the present course a multiplicity of suits would be avoided.

"It is true that there are a great many defendants here and without doubt the plaintiff would incur much more trouble and expense in pursuing his remedy against them in separate actions; but I do not think that the principle involved would

be changed by the mere fact that the defendants are numerous. Against the equities of the plaintiff must be considered, also, the right of a defendant to defend his own suit, separate from other defendants with whom he has no joint liability, and in the county of his residence.

"My conclusion is that the demurrer should be sustained as to all the defendants who have demurred on the ground that several causes of action have been improperly united.

"It is therefore ordered that the demurrers referred to above, be, and they are hereby sustained."

From this order, the plaintiff appeals on two exceptions as follow:

"1. Because the Court erred in sustaining the demurrers on the ground that there was a misjoinder of causes of action, the error being that this action is properly cognizable in equity, and no causes of action have been improperly united.

"2. Because the Court erred in granting the motions for changes of venue, the error being that there was no misjoinder of causes of action and no other grounds for granting the motions exist."

The defendants appeal upon two exceptions as follow:

"1. Because the Court erred in failing to sustain the demurrers on the ground that the plaintiff failed to state a cause of action, as it appears on the face of the complaint that the statutes of New York, applicable to the case, were not properly plead.

"2. Because the Court erred in not sustaining the demurrers on the ground that it appears on the face of the complaint that the plaintiff did not acquire jurisdiction of certain of the defendants for the reason that said defendants were not members and policyholders of the Auto Mutual Indemnity Company at the time said company was placed in liquidation."

Judge Henderson also granted two orders, dated June 15, 1940, and October 23, 1940, by which the place of trial of

this action was changed to the counties of the residence of the defendants named in said orders. From these orders the plaintiff likewise appeals.

The Court is satisfied with the views expressed in the order of Judge Henderson. He gives "full faith and credit" to the orders of the New York Court. The Court of New York does not undertake to give judgment against these members of the company resident in South Carolina. It seeks by its agent, the liquidator of the company, appointed by it, to collect the amounts assessed against the policyholders resident in this State by his action in the Courts of this State. The Circuit Order recognizes the liquidator's right so to do, but it holds that plaintiff has exceeded his right when he assumes to sue all such policyholders in a joint action. He has erred by joining all of them in one action.

In the brief of certain respondents there is cited a quotation from 29 American Jurisprudence, page 374, which is singularly applicable here, namely: "The proper forum for the collection of assessments is a court of law, and not one of equity; and a single suit in equity cannot be maintained by the receiver of an insolvent mutual insurance company against all policyholders of such an insolvent company for the separate liability of each policyholder for unpaid assessments, whether levied by the directors of the company before insolvency or by the Court thereafter, since no question is involved in which the defendants have a common interest and the suit is merely an aggregation of separate actions at law. *  *  * "

The order appealed from is affirmed, and this opinion disposes of the appeal from the orders changing the place of trial of certain defendants.

MESSRS. JUSTICES BAKER and FISHBURNE and MESSRS. ACTING ASSOCIATE JUSTICES L. D. LIDE and J. STROM THURMOND concur.