MANUFACTURERS CASUALTY IN-SURANCE COMPANY, Plaintiff,

v.

Odell COKER, as Administrator of the Estate of Willie Anderson Lemon, deceased, Irene Coker, Jack Harrelson, Jack Lowder, Margaret Coker, Jean Bodenheimer, Darlene McLeod, Jesse Harrelson, Dorothy Harrelson, Annette Lowder, Vivian Lowder, Myrtle Francis Porter, Quinn Myers, Ronnie Myers, L. H. Myers, Jr., Elaine Alsbrook, Jarma Jean Chewning, Mary Corbett, Helen Corbett, Virginia Corbett, John Ashley Corbett, Jr., Johnnie Mae Corbett, Carl Coker and Charlie Coker, Defendants.

Civ. No. 4175.

United States District Court,
E. D. South Carolina,
Charleston Division.

Sept. 3, 1954.

Turner, Harter & Padget, Columbia, S. C., for plaintiff.

Thurmond, Lybrand & Simons, Aiken, S. C., S. E. Rogers, Summerton, S. C., Robert McC. Figg, Jr., Charleston, S. C., for Odell Coker and others.

WYCHE, District Judge.

This is an action for a declaratory judgment. The jurisdiction of the Court is based upon diversity of citizenship between the plaintiff and the defendants.

It appears from the complaint that the plaintiff issued its policy of insurance No. AMC 406343, in which the South Carolina State Educational Finance Commission is named as insured, for a term expiring on July 1. 1953, whereby the plaintiff furnished insurance on school buses as provided under Section 1(a)(2) of an Act of the General Assembly of South Carolina, approved June 2, 1952, 48 Stat. at Large, p. 4, § 1(a)(2).

On January 20, 1953, a collision occurred between two school buses, one of which was being driven by Willie Anderson Lemon, now deceased, whose administrator, Odell Coker, is a party defendant in this action. The other twenty-three defendants, all minors, were passengers in the other school bus. They each commenced actions in the Court of Common Pleas for Clarendon County, South Carolina, against Lemon's administrator, and the plaintiff refused the demand of the administrator that it take over the defense of these actions under its policy. The minor defendants obtained verdicts, upon the default of the administrator, in amounts ranging from $200 to $2,900, the total of the verdicts being in excess of $25,000.

The plaintiff further alleges that it is threatened with lawsuits under claims that its policy afforded coverage to the defendant administrator in respect to the collision, and that such coverage inured to the benefit of the minor defendants, as to which claims it says that an actual controversy exists between the parties. The plaintiff asks that this Court declare that it owed no duty to the administrator to defend the actions brought against him by the minor defendants, nor to pay any of the judgments recovered by them against him in such actions.

The defendant administrator answered, alleging in part, that determination of the controversy between the plaintiff and him should be stayed by the Court until the interpretation of the South Carolina legislation referred to in the complaint, insofar as it may bear upon the issues sought to be raised by the plaintiff in this action, shall have been determined by the courts of South Carolina in actions brought in the State Court by the minor defendants against the plaintiff.

The minor defendants, appearing by guardian ad litem, moved to dismiss as to them upon the ground that this Court lacks jurisdiction of the controversies claimed to exist between the plaintiff and each of them, in that it appears upon the face of the complaint that such controversies are several, and that the amount actually in controversy between the plaintiff and each of them is less than $3,000, exclusive of interest and costs.

A motion has been made by the plaintiff for a preliminary injunction restraining the minor defendants from proceeding further in separate actions which they have instituted in the Court of Common Pleas for Clarendon County against the plaintiff on the policy.

These motions were heard together, and at the hearing a copy of the policy was referred to by counsel for the parties and filed with the Court.

The policy is in form a combination automobile liability policy, with limits, in the case of bodily injury liability of $5,000 for each person, and $25,000 for each accident. The State Educational Finance Commission is named as the insured, and the unqualified word "insured" in the policy is defined to include, any person while using a vehicle covered by the policy and any person legally responsible for the use thereof, provided its actual use was with the permission of the named insured. The policy provides that any person who has secured judgment, after actual trial, finally determining the amount of the insured's obligation to pay, shall thereafter be entitled to recover under the policy to the extent of the insurance afforded by the policy, subject to the limits above mentioned, and also that the bankruptcy or insolvency of the insured's estate shall not relieve the plaintiff of any of its obligations thereunder.

■ The requisite jurisdictional amount is the same in actions for a declaratory judgment as it is in other actions in the district courts. In Mutual Life Ins. Co. of New York v. Moyle, D.C.E.D.S.C., 34 F.Supp. 127, 130, affirmed 4 Cir., 116 F.2d 434, it was held: " 'The federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400) is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts *already have jurisdiction*.' Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323. (Italics added.) What was the test of jurisdictional amount before the enactment of the Declaratory Judgment Act? Judge Dobie, in his admirable text on Federal Jurisdiction and Procedure, aptly stated the rule thus: 'By the amount in controversy is meant the value of the right asserted by the plaintiff in the instant suit. This value alone, and not the collateral effect of the judgment on matters not directly involved in the suit in question, can be considered in making up the judicial amount.' And the Supreme Court in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 702, 78 L.Ed. 1248, said: 'But this does not mean objects which are merely collateral or incidental to the determination of the issue raised by the pleadings. The statute itself does not speak of objects of the suit. It confers jurisdiction only if "the matter in controversy exceeds * * * the sum or value of $3,000." ' "

■ As was said by Judge Parker in Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 324, the declaratory judgment procedure was "not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states."

Rule 57 of the Federal Rules of Civil Procedure provides that the procedure for obtaining a declaratory judgment pursuant to the Act, Title 28, U.S.C.A. § 2201, shall be in accordance with these rules, and under Rule 20 all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right

to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Rule 82 provides that these rules "shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

Actual controversies exist between the plaintiff and each of the twenty-three defendant minors as to whether it is liable to them for the amounts of the judgments which they have severally obtained against the defendant administrator, upon which the policy provides that they may bring actions directly against the plaintiff. In these controversies, as well as in the controversy alleged between the plaintiff and the defendant administrator as to whether it is obligated to pay the judgments obtained by the minor defendants against him, there are questions of law or fact common to all of them that will arise in the action under the allegations of the complaint, within the scope of Rule 20, supra.

■ Under Rule 82, however, the "matter in controversy" between the plaintiff and each of the defendants must exceed "the sum or value of $3,000", Title 28 U.S.C.A. § 1332, unless they are shown to have a joint or common interest in the subject of the action. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Mutual Life Ins. Co. of New York v. Moyle, supra; Small v. Frick, D.C.E.D.S.C., 40 F.Supp. 778, 781; Fechheimer Bros. Co. v. Barnwasser, 6 Cir., 146 F.2d 974, affirming Fechheimer Bros. Co., v. Barnwasser, D.C.E.D.Ky., 3 F.R.D. 394.

In Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 703, 78 L.Ed. 1248, the Court said: "From the beginning suits between citizens of different states, or involving federal questions, could neither be brought in the federal courts nor removed to them, unless the value of the matter in controversy was more than a specified amount. Cases involving lesser amounts have been left to be dealt with exclusively by state courts, except that judgment of the highest court of a state adjudicating a federal right may be reviewed by this court. Pursuant to this policy the jurisdiction of federal courts of first instance has been narrowed by successive acts of Congress, which have progressively increased the jurisdictional amount. The policy of the statute calls for its strict construction."

■ It is clear that the plaintiff could not have instituted this action in this Court against the twenty-three minor defendants alone, nor they against it. Their several claims against the plaintiff on its policy are multiple, not joint. Cf. Andrews v. Equitable Life Assur. Soc., 7 Cir., 124 F.2d 788, certiorari denied 316 U.S. 682, 62 S.Ct. 1270, 86 L.Ed. 1755; Pink v. Aaron, 196 S.C. 423, 13 S.E.2d 489. The causes of action which the policy, by its terms, gives them are based upon their separate judgments against the defendant administrator. None of them has any interest, joint, common or otherwise, in the judgment which any other of them has against the defendant administrator, or in the recovery which any other may make against the plaintiff. While their claims arise out of the same accident and under the same provisions of the policy, they have separate causes of action thereon. Sovereign Camp Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293. Cf. Walter v. Northeastern Railroad Co., 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206; Hager v. Hanover Fire Ins. Co. of New York, D.C.W.D.Mo., 64 F.Supp. 949, 952.

In Sovereign Camp Woodmen of the World v. O'Neill, supra [266 U.S. 292, 45 S.Ct. 50], the Court stated: "It is the settled general rule, * * * that in a suit based on diversity of citizenship brought against several defendants to enjoin the collection of claims against the plaintiff which are separate and distinct—although depending for their

validity upon a common origin—the test of jurisdiction is the amount of each separate claim, and not their aggregate amount."

That the minor defendants may recover against the plaintiff more in the aggregate than the $25,000 policy limit does not establish the requisite jurisdictional amount as to them. The policy does not give them an interest in the fund represented by it; it gives them each a personal claim against the plaintiff enforcible in separate actions. Whatever may be the case should their recoveries exceed in the aggregate the policy limit and an action be brought by the plaintiff for the division of the fund represented by the policy among them, and perhaps among others who may make similar recoveries against it, the actual controversy now presented between the plaintiff and each of them is as to the separate right of each to recover on their several personal demands against the plaintiff under the provision in the policy creating the same.

Nor does the presence of the defendant administrator as a party confer jurisdiction as to the minor defendants. The validity of the policy itself is not in issue. Cf. Mutual Life Ins. Co. of New York v. Moyle, supra, at page 130 of 34 F.Supp. The action is not one in which an insurer seeks a determination between it and its insured as to its obligation to defend claims or suits, involving possible recoveries exceeding the requisite jurisdictional amounts, pending against the latter, in which action the presence of the claimants as parties may be necessary to an effective settlement of the controversy between the insurer and the insured upon which both will act in the future. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; Cf. State Farm Mut. Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188. If a community of interest between the defendant administrator and the minor defendants exists because of the interest of the defendant administrator in the payment of their judgments by the plaintiff, such community of interest would be several, and limited in the case of the defendant administrator and each minor defendant to the amount of the separate judgment of the latter.

For the foregoing reasons, I am of the opinion that this Court lacks jurisdiction of the controversies existing between the plaintiff and each of the minor defendants. Their motions to dismiss as to them, therefore, must be, and hereby are, granted, and the plaintiff's motion for a preliminary injunction against them is hereby refused, and

It is so ordered.