Francis R. SMITH, Insurance Commissioner of the Commonwealth of Pennsylvania, and as such, Statutory Liquidator of General Mutual Fire Insurance and Reinsurance Company (Dissolved), Plaintiff,

v.

Anthony S. ABBATE et al., Defendants.

United States District Court
S. D. New York.

Dec. 13, 1961.

Rodwin & Rodwin, New York City, for plaintiff; Harry Rodwin, Richard Rodwin, New York City, of counsel.

Hyman H. Bernstein, New York City, for defendant Ballas Egg Products Corp.

Taylor & Taylor, Penn Yan, N. Y., for defendant Charles H. Beaney; Paul R. Taylor, Penn Yan, N. Y., of counsel.

Milton I. Newman, Baar, Bennett & Fullen and Corcoran, Kostelanetz, Gladstone & Lowell, New York City, for defendant "Jacob" Horn, first name fictitious, true first name unknown to plaintiff, doing business under the firm name and style of J. Horn Furniture Co., Jewelry Dept.; Stanley H. Lowell, Thomas F. Ryan, New York City, of counsel.

Albert J. Rubin, Penn Yan, N. Y., for defendants Robert Hinson, Penn Yan Express, Inc. and Pierce Freight Lines.

Sidney Feldshuh, New York City, for defendants Pearl Desk Company Inc., Ruth Pearl, Tillie Pearl and Mary Pearl, co-partners doing business under the firm name and style of Pearl Desk Co., and Irving Dworman.

Culley, Corbett, Tanenbaum & Reifsteck, Rochester, N. Y., for defendant Wilson W. Johncox, who, with the consent of court, filed a brief in support of motion to dismiss.

LEVET, District Judge.

This action is brought by Francis R. Smith, Insurance Commissioner of the Commonwealth of Pennsylvania, and as such, Statutory Liquidator of General Mutual Fire Insurance and Reinsurance Company (Dissolved) against more than 1,500 defendants, of whom approximately 50 to 60 have heretofore been served.

Motions have been made by various defendants to dismiss the complaint for lack of the requisite jurisdictional amount in that the "matter in controversy" does not exceed $10,000.

The action is based on diversity and the individual claims for deficiency assessments run from $6.00 to $6,572; none separately amount to $10,000; many are under $100; most are under $500. It is only by aggregating that the monetary jurisdictional requirements of Section 1332 of Title 28 U.S.C. are reached.

THE COMPLAINT

The complaint, after alleging facts to sustain diversity, states the background of this action as follows:

1. The General Mutual Fire Insurance and Reinsurance Company (hereinafter called "Company") was organized in 1910 under Pennsylvania laws to transact the business of insurance. (par. 3)

2. The Company became insolvent and by order of a Pennsylvania court, dated November 2, 1951, was dissolved; plaintiff was appointed the Statutory Liquidator with the usual functions of such office. (par. 3; see Liquidation Order)

3. The Liquidator proceeded to perform the duties of his office, took possession of assets, gave notices to file claims and received and totaled claims (which exceeded available assets). (par. 4; see copy of notice of claims submitted)

4. The defendants were members and policy holders of the Company. By virtue of membership, and under the By-Laws of the Company and the provisions of the policies of insurance, defendants agreed to pay premiums on each such policy and, if needed, to pay certain assessments to indemnify the Company against claims of policy holders and creditors. (par. 5)

5. On May 10, 1958, upon petition of plaintiff and upon due notice to defendants, the court in Pennsylvania directed

defendants as such policy holders to pay certain assessments, all pursuant to a formula deemed to reflect the proportionate share of losses necessary to pay all unpaid claims. (See par. 6 and assessment order)

6. Under this assessment order the total assessed against the 4,557 members was $435,751.25 and that of the 1,946 members who are citizens of New York is $238,911.99. (par. 7) The amount said to be due against each defendant is set forth in the assessment order. (par. 7; assessment order)

7. After due notice, each of the defendants, it is asserted, has failed and refused to pay. (pars. 8 and 9)

8. The plaintiff seeks enforcement of this assessment against the various defendant New York citizens "to the extent and in the proportions set forth in the Schedule referred to in Paragraph '7' of this complaint." (par. 10)

The prayer for relief is as follows:

"1. Adjudging and decreeing that the assessment against members and policyholders of General Mutual Fire Insurance and Reinsurance Company, including the defendants above named, citizens of the State of New York, is valid, just and enforceable;

"2. Against each of the defendants herein named for his, its, or their proportionate or pro rata share of said assessment liability being the sum specified opposite his or its respective name as shown on the assessment bill hereto annexed and on the Schedule referred to in Paragraph '7' hereof, together with interest from May 10, 1958;

"3. For such other and further relief as to the Court may seem just and proper; and

"4. For the costs and disbursements of this action."

## THE "MATTER IN CONTROVERSY"

By Section 1332 of Title 28 of the United States Code, this court has jurisdiction of civil actions where the "matter in controversy" exceeds the sum of $10,000 and there is diversity of citizenship.

The relevant parts of Section 1332 are as follows:

"§ 1332. Diversity of citizenship; amount in controversy; costs

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"(1) citizens of different States;
*    *    *"

The statute thus conferring diversity jurisdiction is strictly construed. Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951, where the court held:

"The policy of the statute conferring diversity jurisdiction upon the district court calls for its strict construction. Healy v. Ratta, 292 U.S. 263, 270 [54 S.Ct. 700, 703, 78 L.Ed. 1248]; and see Town of Elgin v. Marshall, 106 U.S. 578, 580 [1 S.Ct. 484, 486, 27 L.Ed. 249]. Accordingly, if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188–189 [56 S.Ct. 780, 784, 785, 80 L.Ed. 1135]; KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 [57 S.Ct. 197, 200, 81 L.Ed. 183]; Gibbs v. Buck, 307 U.S. 66, 72, [59 S.Ct. 725, 729, 83 L.Ed. 1111]."

None of the claims against the individual defendants equal $10,000. It is conceded by the plaintiff that the amount of the liability of each defendant is limited "to an amount not to exceed one time the premium written on this policy." (Excerpt from policy, Plaintiff's Memorandum, p. 8)

Section 2, Article IX of the By-Laws of the Company was as follows:

"It is hereby provided, as to the prepaid policies, that any maximum

additional liability, over and above the premium stated in the policy, that the holders thereof, shall be limited to an equal amount to one annual premium shown in the policy, and these provisions shall be shown in such policies." (Plaintiff's Memorandum, p. 7; see also par. 13 of Petition for Order of Assessment)

The Assessment Order of May 10, 1958, accordingly, after prescribing an assessment "factor," provides:

"* * * The total of the assessment factors for each month that a policy was in existence multiplied by the cash premium in the policy should then give each member and policyholder's additional premium or assessment, subject to the limitation that the additional premium or assessment shall not exceed an amount equal to the said cash premium."

The order then directs each member or policyholder during the period from December 22, 1947 to November 1, 1951 to pay as an assessment the amount derived by the assessment factors specified, limited as heretofore set forth.

Whatever may have been the nature of the liability *before* that point in the dissolution proceedings, as a result of the assessment decree there was nothing except a number of individual assessments. Joint liability *may have* entered into the background, but it no longer existed in the assessment or its collection. In spite of the protestations of the plaintiff, this action is to collect a multitude of individual assessment obligations. Each by itself is less than the jurisdictional requirement.

The allegations of paragraph 5 of the complaint, to the effect that the defendants as members and policyholders "became and were together obligated as insurers and entered into mutual covenants with each other to indemnify each other and to indemnify the company * * *" is not now the basis of the present action.

Neither does the prayer for relief, asking in part for a decree "that the assessment against members and policyholders of General Mutual Fire Insurance and Reinsurance Company, including the defendants above named, citizens of New York, is valid, just and enforceable" fuse several hundred individual claims into a joint, common and undivided claim.

The validity of the assessment has been determined by the Pennsylvania court. Presumably, New York, under ordinary circumstances, under Article IV, Section 1 of the United States Constitution, will give full faith and credit to this determination. It is obvious that the liquidation of this insolvent insurance company is governed by the laws of the Commonwealth of Pennsylvania, where the corporation had its domicile. Modern Woodmen of America v. Mixer, 267 U.S. 544, 45 S.Ct. 389, 69 L.Ed. 783; Selig v. Hamilton, 234 U.S. 652, 34 S.Ct. 926, 58 L.Ed. 1518; Pope v. Heckscher, 266 N.Y. 114, 194 N.E. 53, 97 A.L.R. 687; Pink v. A. A. A. Highway Express, 314 U.S. 201; In re Auto Mutual Indemnity Co., Sup., 14 N.Y.S.2d 601.

The matter of the assessment has been determined, the present action is to collect the amount determined by that "Assessment Order and Decree" to be due from each defendant. Pink v. Aaron, 196 S.C. 423, 13 S.E.2d 489, 490. There the court stated:

"It will thus be seen that the New York Court has already ascertained the indebtedness of the company, and has adjudicated the necessity for assessments against the members, as well as definitely fixing the amount due by each policyholder.

"The plaintiff's action is not one to determine the necessity for the assessment or the amount of it.

"The necessity and amount of assessment having been established in New York, the plaintiff, as statutory liquidator, has a cause of action in law against each of the policyholders for the amount due by each one upon his separate agreement.

*	*	*	*	*	*

"The plaintiff urges that this action is quite similar to a suit to collect the statutory liability of stockholders of insolvent banks. It seems to me, however, that the difference lies in the fact that in stockholders' actions there is the necessity of ascertaining the debts and liabilities, and necessity of assessment, matters on which the stockholders are entitled to be heard; while in the present case, all of those matters had been determined previously, and the action is one to collect the separate and individual debts due by a number of persons, * * *.

"It is true that there are a great many defendants here and without doubt the plaintiff would incur much more trouble and expense in pursuing his remedy against them in separate actions; but I do not think that the principle involved would be changed by the mere fact that the defendants are numerous * * *."

See also Burke v. Scheer, 89 Neb. 80, 130 N.W. 962, 33 L.R.A.,N.S., 1057; 29 Am.Jur. 872.

Consequently, there is no longer, if there ever was, any "common and undivided interest" among the defendants in this action. This is not an action by plaintiff to collect the total of $238,911.99 from the defendants named and *then* apportion it among certain parties entitled thereto. The apportionment *against* defendants has been done. It is unlike a suit by a group of plaintiffs to collect a total sum due from all defendants for the purpose of subsequently dividing the amount collected *among* the separate plaintiffs. See Clay v. Field, 138 U.S. 464, 11 S.Ct. 419, 34 L.Ed. 1044; Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951.

■ Long before the adoption of the present Federal Rules of Civil Procedure it was held that jurisdiction cannot be conferred on a federal court by joining in one bill against distinct defendants, claims no one of which reaches the jurisdictional amount. Walter v. North-eastern R. Co., 1893, 147 U.S. 370, 13 S.Ct. 348, 37 L.Ed. 206; Fishback v. Western Union Tel. Co., 1896, 161 U.S. 96, 16 S.Ct. 506, 40 L.Ed. 630; Citizens Bank of Louisiana v. Cannon, 1896, 164 U.S. 319, 17 S.Ct. 89, 41 L.Ed. 451.

### RULE 20 (PERMISSIVE JOINDER OF PARTIES)

The pertinent part of Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C. is as follows:

" * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * *"

■ The decisions conclusively preclude aggregation of claims under this rule. Fechheimer Bros. Co. v. Barnwasser, 6 Cir., 1945, 146 F.2d 974; Geisert v. Corriveau, D.C.E.D.Mich., 1956, 140 F. Supp. 29; Calvert Distillers Corp. v. Rosen, D.C.N.D.Ill., 1953, 115 F.Supp. 146; Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 1944, 143 F.2d 819, cert. denied 323 U.S. 779, 65 S.Ct. 190, 89 L.Ed. 622; Bree v. Mutual Benefit Health and Accident Ass'n, D.C.E.D.Pa., 1959, 182 F.Supp. 181.

In the Fechheimer case supra, the court wrote:

" * * * Rule 20 must, of course, be considered within the delimitation of Civil Procedure Rule 82, which provides that 'these rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein.'

"The permissive joinder under Rule 20 cannot confer jurisdiction upon the federal courts by the aggregation of claims of the same character against numerous defendants, so as to vest jurisdiction in the federal courts in contravention

of the Act of Congress pertaining to jurisdiction based on diversity of citizenship. 28 U.S.C.A. § 41. The same is true of Civil Procedure Rule 23, relating to class actions.

"Jurisdiction cannot be conferred on a federal trial court by joining in one action, against distinct defendants, claims of which none reached the requisite jurisdictional amount. Citizens' Bank v. Cannon, 164 U.S. 319, 322, 17 S.Ct. 89, 41 L.Ed. 451. The plaintiff is not entitled to secure jurisdiction in the federal court by joining separate defendants whose aggregate indebtedness to him exceeds the jurisdictional amount, unless the test of jurisdiction of joint liability of the defendants to him be met. Walter v. Northeastern R. Co., 147 U.S. 370, 373, 374, 13 S. Ct. 348, 37 L.Ed. 206. See also Northern Pacific R. Co. v. Walker, 148 U.S. 391, 13 S.Ct. 650, 37 L.Ed. 494.

\* \* \* \* \* \*

"It is a settled general rule that, in a suit based on diversity of citizenship brought against several defendants on separate and distinct claims depending for their validity upon a common origin, the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims. Woodmen of the World v. O'Neill, 266 U.S. 292, 295, 45 S.Ct. 49, 69 L.Ed. 293.

"Mr. Justice Bradley, in Clay v. Field, 138 U.S. 464, 479, 480, 11 S. Ct. 419, 425, 34 L.Ed. 1033, made a clear-cut statement: 'The general principle observed in all is, that if several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separable as between themselves, the amount of their joint claim or liability will be the test of jurisdiction; but where their interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights or liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving this court jurisdiction by appeal, but each must stand or fall by itself alone.'" (146 F.2d pp. 976–977)

RULE 23 (CLASS ACTIONS)

Rule 23(a) of the Federal Rules of Civil Procedure is as follows:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

Plaintiff asserts that this action is "one single unified claim growing out of membership in the Company, a claim asserted against all members as a group." In fact, there is no proceeding to enforce a *single* title or right in which they have an undivided interest. It certainly is unlike an action by multiple plaintiffs asserting a common *and* undivided interest.

■ The doctrine of virtual representation is of equitable origin. See McNary v. Guaranty Trust Co. of New York, D.C.N.D.Ohio, W.D., 1933, 6 F. Supp. 616, 619; Atwood v. National Bank

of Lima, 6 Cir., 1940, 115 F.2d 861, 863; Edgerton v. Armour & Co., D.C.S.D. Calif., Central Div., 1950, 94 F.Supp. 549, 554.

"The rule is a substantial restatement of old Equity Rule 38, 28 U.S.C.A. § 723 appendix * * *" and it has been stated that "it clearly has no reference to actions at law which are triable to a jury, and Rule 23 in no way enlarges the ancient equity jurisdiction and practice in this class of cases." Farmers Co-Operative Oil Co. v. Socony-Vacuum Oil Co., Inc., D.C.N.D.Iowa, W.D., 1942, 43 F. Supp. 735, 738, modified on other grounds 133 F.2d 101.

■ However, it seems reasonably certain that the rule applies to all actions whether formerly (i. e., before 1937) denominated legal or equitable. See Original Committee Note of 1937 to Rule 23 in 3 Moore's Federal Practice, p. 3404; see also 3 Moore's Federal Practice, p. 3444.

It is futile for plaintiff to assert that the defendants are a true class. To show how absurd is this contention, with perhaps 1,900 defendants, plaintiff asserts that he has named every single member of the class. Plaintiff says he has served some 50 defendants and that this is adequate to contest the issues of law in the action. In fact, there is no clear allegation of a class action asserted in the complaint.

■ It is evident that this action is at law rather than equity insofar as it seeks the collection of claims *against* the several defendants. For instance, it is not an attempt by plaintiff to protect himself against common claims brought by defendants *against* plaintiff.

As stated in 29 Am.Jur. § 574, pp. 872-873:

"The proper forum for the collection of assessments is a court of law, and not one of equity, and a single suit in equity cannot be maintained by the receiver of an insolvent mutual insurance company against all policyholders of such an insolvent company for the separate liability of each policyholder for unpaid assessments, whether levied by the directors of the company before insolvency or by the court thereafter, since no question is involved in which the defendants have a common interest and the suit is merely an aggregation of separate actions at law."

Clause (1) involves the True Class Suit. (See 3 Moore's Federal Practice, pp. 3434-3439) Clearly, this case is not properly founded in Clause (1) of Rule 23. There is no joint or common or secondary right in the sense that the owner of a primary right refuses to enforce that right and a member of the class becomes entitled to enforce it. Here, the Liquidator seeks to collect *from* the many.

Clause (2) involves the Hybrid Class Suit. (See 3 Moore's Federal Practice, pp. 3439-3441) The conditions envisaged in Clause (2) of Rule 23 are not present. No specific property is involved. This is no action that *does* or *may* affect *specific* property.

■ Under Clause (3) of Rule 23, it is urged that this suit may be maintained as a Spurious Class Action. (See 3 Moore's Federal Practice, pp. 3442-3455) The rule requires only that the character of the right sought to be enforced for or against the class be "several," that there be a "common question of law or fact" affecting the several rights, and that "common relief is sought." Mutation Mink Breeders Association v. Lou Nierenberg Corp., D.C.S.D.N.Y., 1959, 23 F.R.D. 155, 162. However, as Judge Bryan points out in the case just cited:

"The 'spurious class suit' is merely a device for permissive joinder. California Apparel Creators v. Wieder of California, supra [2 Cir., 162 F.2d 893]; 3 Moore, Federal Practice, 3442. It does not 'grant authority to adjudicate finally rights as to nonappearing parties or to confer any additional substantive rights upon the plaintiffs suing'. California Apparel Creators v. Wieder of Cal-

ifornia, supra, 162 F.2d at page 897; Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387; Nagler v. Admiral Corp., 2 Cir., 248 F.2d 319. * * *"

In effect, it is but a congeries of separate suits. See also P. W. Husserl, Inc. v. Newman, D.C.S.D.N.Y., 1960, 25 F.R.D. 264; Kaeppler v. James H. Matthews & Company, D.C.E.D.Pa., 1960, 180 F.Supp. 691, 695.

In "Federal Class Actions—Jurisdiction and Effect of Judgment," 32 Illinois Law Review 555, 563, the authors, James Wm. Moore and Marcus Cohen, wrote as follows:

"It has been argued that whenever a representative suit is allowed, the federal jurisdictional requirement of $3,000 should be made up by aggregating the claims of the class. [footnote omitted] This thesis is sound only when confined to true class actions. When a plaintiff prosecutes a right which he derivatively holds, or holds in common or jointly with others the concept of totality is inherent in the claim or right involved. This is absent in the hybrid and spurious class actions.

"In the case of joinder of plaintiffs the matter of aggregation of claims is ruled by the doctrine of Pinel v. Pinel.[41] There the rule was laid down that if the demands of the plaintiffs are 'separate and distinct,' each must have a claim in the jurisdictional amount, while if they unite to enforce a joint or common interest, aggregation is permissible."

"41  240 U.S. 594 [36 S.Ct. 416, 60 L.Ed. 817] (1916). Accord: Demar v. Brooks, 16 F.Supp. 636 (D. [C.]Nev.1936). The rule applies in a representative suit where all claimed under a common title. Shields v. Thomas, 57 U.S. 2 [58 U.S. 3, 17 How. 3, 15 L.Ed. 93] (1854); New Orleans P[ac]. R. Co. v. Parker, 143 U.S. 42 [12 S.Ct. 364, 36 L.Ed. 66] (1892); or in a common trust fund, Putnam v. Timothy Dry Goods [& Carpet] Co., 79 F. 454 (C.C.E.D.Tenn.1897)."

■  It is only in true class actions under subdivision (a) (1) of this Rule (23) that claims of parties can be aggregated to make the jurisdictional amount. Edgerton v. Armour & Co., D.C.S.D.Calif., Central Div., 1950, D.C., 94 F.Supp. 549; Tittle v. General Motors Corporation, D.C.Conn., 1948, D.C., 80 F.Supp. 333; Koster v. Turchi, D.C.E.D. Pa., 1948, 79 F.Supp. 268, affirmed 3 Cir., 1948, 173 F.2d 605.

However, in such "spurious" class actions aggregation of claims is not permissible. Ames v. Mengel Co., 2 Cir., 1951, 190 F.2d 344; Troup v. McCart, 5 Cir., 1956, 238 F.2d 289; Fechheimer Bros. Co. v. Barnwasser, 6 Cir., 1945, 146 F. 2d 974; Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 1944, 143 F.2d 819, cert. denied 323 U.S. 779, 65 S.Ct. 190, 89 L.Ed. 622; Black & Yates v. Mahogany Ass'n, 3 Cir., 1941, 129 F.2d 227, 236–237 (on rehearing 1942); Hackner v. Guaranty Trust Co. of New York, 2 Cir., 1941, 117 F.2d 95, cert. denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; Knowles v. War Damage Corporation, 1948, 83 U.S.App.D.C. 388, 171 F.2d 15, cert. denied 336 U.S. 914, 69 S.Ct. 604, 93 L.Ed. 1077; Shipley v. Pittsburgh & L. E. R. Co., D.C.W.D.Pa., 1947, 70 F.Supp. 870, 873; see 3 Moore's Federal Practice, pp. 3477–3481, also cases in note 3, p. 3478.

Similar rulings had been made under former Equity Rule 38. See Nolen v. Riechman, D.C.W.D.Tenn., W.D., 1915, 225 F. 812, 816, quoted in part with approval in Eberhard v. Northwestern Mut. Life Ins. Co., 6 Cir., 1917, 241 F. 353, 356.

The general principle enunciated before the adoption of the Federal Rules of Civil Procedure was stated in Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817 (1916), as follows:

"The settled rule is that when two or more plaintiffs having separate

and distinct demands unite in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Clay v. Field, 138 U.S. 464, 479 [34 L.Ed. 1044, 1049, 11 Sup.Ct. Rep. 419]; Troy Bank [Troy, Ind.] v. [G. A.] Whitehead [& Co.], 222 U.S. 39 [56 L.Ed. 81, 32 Sup.Ct.Rep. 9]. * * *"

A judgment against one or more of the 50 defendants served in this action would not be binding on the remainder since "the decree in spurious type of class action is not binding as in the true class action, upon the entire class; it binds only those actually before the court." 3 Moore's Federal Practice, p. 3465.

The district court has some discretion with respect to whether an action may be maintained as a class action. Weeks v. Bareco Oil Co., 7 Cir., 1941, 125 F.2d 84, 93; Martinez v. Maverick County Water Control & Improvement Dist. No. 1, 5 Cir., 1955, 219 F.2d 666.

However, this case is barred by the fundamental lack of federal jurisdictional requirements under Section 1332 as heretofore stated. "The question of jurisdiction cannot be determined by the rules of joinder." Yankwich, D. J., in Dewar v. Brooks, D.C.D.Nevada, 1936, 16 F.Supp. 636, 644.

Consequently, the motions of defendants Charles H. Beaney, "Jacob" Horn, first name fictitious, true first name unknown to plaintiff, doing business under the firm and style of J. Horn Furniture Co., Jewelry Dept., Pearl Desk Company, Inc., and Ruth Pearl, Tillie Pearl and Mary Pearl, co-partners, doing business under the firm name and style of Pearl Desk Co., Irving Dworman, Robert Hinson, Penn Yan Express, Inc., Pierce Freight Lines and Ballas Egg Products Corp. to dismiss the complaint because of lack of jurisdiction must be granted. Since the claims against none of the defendants exceed $10,000, the complaint is dismissed against all defendants.

In view of this determination, it is unnecessary to pass upon other motions made by defendants.

So ordered.